. PAUL KROEGEL AND OTHERS, *Appellants,* v. RICHARD WHYTE AND OTHERS, *Appellees.*

1. The constitutional inhibition against local .or special laws "for assessment and collection of taxes for State and county purposes" does not inhibit the legislature from authorizing by special or local law a county to levy a tax for a lawful county purpose, if the manner and method of assessment be as prescribed by the general law.

2. Power to authorize the "several" counties to assess and impose taxes for county purposes permits the authorization to a single county by a special or local law.

3. Authority by local or special law to levy a tax for a county purpose, is not offensive, as regulating the jurisdiction or duties of a class of officers.

This case was decided by Division A.

Appealed from the Circuit Court for St. Lucie County.

The facts in the case are stated in the opinion of the court.

*F. L. Hemmings,* for Appellants;

*Baker & Baker,* for Appellees.

ON REHEARING.

COCKRELL, J.—Certain resident taxpayers of St. Lucie County obtained an injunction against the issuance of bonds voted for the construction of hard surfaced roads and a public dock, under authority of Chapter 6016, Laws of 1909, which is a special · or local law. Pending the appeal in this court, the legislature passed an act, being Chapter 6302 of the Laws of 1911, validating the said

bond issue and requiring the levy of taxes to pay the interest and to provide a sinking fund.

The supposed defects pointed out specifically in the bill of complaint have been fully met in the validating act; but upon the original hearing this court was, following some well considered cases in other jurisdictions construing similar constitutional provisions, (See 36 Cyc. 1011) of the opinion that the legislation fell within the inhibition against special or local laws, "for assessment and collection of taxes for State and county purposes." Upon further consideration, however, we are now of the opinion that other provisions of our organic law permit us to follow another line of decisions holding that the inhibition goes only to the manner or method of assessing taxes and does not forbid the legislature to authorize by special or local laws a county to levy a tax for a lawful county purpose.   See Gibson v. Mason, 5 Nev. 283; State *ex rel.* Williams v. Fogus, 19 Nev. 247, 9 Pac. Rep. 123; Bright v. McCullough, 27 Ind. 223; Bacon v. Mulford, 41 N. J. L. 59; Simon v. Northrup, 27 Ore. 487, 40 Pac. Rep. 560; Sisk v. Cargile, 138 Ala. 164, 35 South. Rep. 114.   The legislative department of this State has so construed the constitution, to judge from numerous enactments at nearly every session held by it since the constitution became effective.

Section 24 of Article III. of the constitution clearly permits the legislature to pass special laws as to county government; this section indicates a disposition not to hamper the legislature as to county affairs, in view of the widely divergent needs of the communities in a State, differing so in soil, climate, population and otherwise; but there is another provision to which we did not give sufficient weight.

Section 5 of the Article on Taxation and Finance pro-

vides that "the legislature shall authorize the *several* counties and incorporated cities and towns in the State to assess and impose taxes for county and municipal purposes...................The use of the word "several" drives us to the conclusion that the counties may be given power *severally* and hence they may be given it by special or local laws. We cannot construe the inhibition against special or local laws for the assessment and collection of taxes for county purposes as an inhibition against an imposition of a tax for county purposes, in the face of the command to authorize the *several* counties to assess and impose taxes for county purposes. A general law authorizing all the counties to assess and levy a tax for a county purpose, of course, authorizes the several counties, each and every, to do so, but this power would have existed, had the word "several" been omitted. We cannot accuse the makers of our constitution of using words idly and we can give effect to this word only by declaring that it permits the legislature to grant by special or local law, authority to a county, or several counties, to assess and levy a special tax for a legitimate county purpose, provided only the manner and method of assessing and collecting the tax be regulated by the general law.

This legislation authorizes the county of St. Lucie to issue bonds for the building of a public dock, authority not conferred by general legislation upon other counties, and it is suggested that this may be offensive as regulating, in a special or local law, the jurisdiction or duties of a class of officers not municipal. We shall not undertake to define the demarkation between regulations affecting the county government which is directly permitted, and regulations as to the jurisdiction and duties of any class of officers which are prohibited. In the matter now before us it may well be doubted if the conferring of a power

upon a county through its county commissioners to levy a tax to meet bonds issued for a county purpose, regulates their jurisdiction and duties, seeing that the tax levy for all county purposes is provided for by them within fixed limits; but if by any stretch of language this be called a regulation, it is a mere incident to and the necessary concomitant with, the power we have held above to exist in the legislature to authorize by special or local act, a county to levy a tax for a lawful county purpose.

The decree is reversed, but as the reversal is placed upon legislation enacted pending the appeal, no costs will be allowed the appellants.

WHITFIELD, C. J., and SHACKLEFORD, J., concur;

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.