F. W. BERRY, JR., APPELLANT, v. CARY A. HARDEE, *et al., Appellees.*

Opinion Filed April 14, 1922.

1. In the absence of a clear showing of illegality because of conflict with organic property rights, the courts will not annul legislative assessments.

2. The method of enforcing payment of assessments whether by administrative sale or by judicial proceedings is within the legislative discretion.

3. An assessment made by statute affords binding notice of it to the owner of property assessed; and if legislative enactments are not so palpably unjust as to violate organic property rights, the owner cannot avoid payment.

An Appeal from the Circuit Court for Palm Beach County; E. C. Davis, Judge.

Affirmed.

*Marvin C. McIntosh,* for Appellant;

*Glenn Terrell,* for Appellees.

WHITFIELD, J.—The bill of complaint herein seeks an annulment of Chapter 6456, Acts of 1913, and the amendatory Acts Chapters 6957, Acts of 1915, 7862, Acts of 1919 and 8413, Acts of 1921, (Secs. 1160 *et seq.* Rev. Gen. Stats. 1920) with appropriate injunctions against their enforcement.

The Acts establish the Everglades Drainage District of the State of Florida for purposes of drainage and reclamation of large areas of lands in the southern portion of the State that had been granted to the State by an Act of Congress of September 28, 1850, many of which lands had been conveyed to private owners while other large areas are held by the Trustees of the Internal Improvement Fund of the State for the purposes of the trust act Chapter 610, approved January 6, 1855, and the amendments thereto. Lands within the district owned by private parties as well as the lands held by the Trustees for the State are by the acts assessed in graded amounts per acre to raise funds for use and for the payment of the interest and principal of bonds authorized to be issued for drainage operations under the supervision of State officials, the purpose being to drain and render fit for profitable cultivation, the lands that are within the drainage district. This is a public purpose, and State officials are charged with the duty of a proper application of the funds derived from the assessments and

from the sale of bonds to a practical drainage of the lands. The assessments are made directly by the legislative enactment, and benefits are presumed. In the absence of a clear showing of illegality because of conflict with organic property rights, the courts will not annul the legislative assessments. See Lainhart v. Catts, 73 Fla. 735, 75 South. Rep. 47; Bannerman v. Catts, 80 Fla. 170, 85 South. Rep. 336; Everglades Sugar & Land Co. v. Bryan, 81 Fla. 75, 87 South. Rep. 68; Bryan v. Dade Muck Land Co., 75 Fla. 330, 78 South. Rep. 349; Stewart v. DeLand-Lake Helen Special Road & Bridge Dist. in Volusia County, 71 Fla. 158, 71 South. Rep. 42; Anderson v. City of Ocala, 67 Fla. 204, 64 South. Rep. 775; Embree v. Kansas City & Liberty Boulevard Road Dist., 240 U. S. 242, 36 Sup. Ct. Rep. 317.

Provisions of the acts regulating the duties of State and County officers are incidental to the main purpose of the statutes and do not violate Sections 20 and 21, Article III of the State Constitution. Kroegel v. Whyte, 62 Fla. 527, 56 South. Rep. 498; Lainhart v. Catts, *supra*.

The titles of these acts are not deficient or misleading. Lainhart v. Catts, *supra*.

The administrative features of the statute are not shown to violate organic law. Courts are not arbiters of the policy or wisdom of statutes.

The method of enforcing payment of the assessments whether by administrative sale or by judicial proceedings is within the legislative discretion. The assessment made by the law affords binding notice of it to the owner; and if the legislative assessments are not so palpably unjust as to violate organic property rights, the owner cannot avoid payment.

Practically all of the questions involving principles of law here presented have been previously decided; and it does not clearly appear from the allegation of the bill of complaint that are admitted by the demurrer that the statutes complained of are merely arbitrary or plainly unjust or that their operation will inevitably violate complainant's property rigths, therefore the order sustaining the demurrer to the bill of complaint is affirmed.

BROWNE, C. J., AND TAYLOR, ELLIS AND WEST, J. J., concur.