STATE OF FLORIDA EX REL. FRED H. DAVIS, AS ATTORNEY GENERAL, AND EX REL. GEORGE A. DAVIS, *Relators,* v. G. A. TYLER, W. C. JACKSON, W. H. McBRIDE, C. B. JONES AND W. P. WILKINSON, AS AND COMPOSING THE BOARD OF COUNTY COMMISSIONERS OF VOLUSIA COUNTY, A POLITICAL SUBDIVISION OF THE STATE OF FLORIDA, *Respondents.*

En Banc.

Opinion Filed April 24, 1928.

*Scarlett, Jordan, Futch & Fielding* and *Murray Sams,* for Relators.

*Hull, Landis & Whitehair,* for Respondents.

WHITFIELD, J.—The alternative writ of mandamus issued herein upon the relation of the Attorney General of the State and of a resident citizen tax payer of Volusia County, alleges in substance that a special Act of the Legislature, House Bill No. 1694, Chapter 13486, Laws of Florida, provides that the County Commissioners of Volusia County are "authorized and required to purchase, as soon as practical, the east seventy-two (72) feet of Lot Four (4), Block Three (3), Rogers DeLand, for court house purposes and to cause the court house, now contracted to be built, to be constructed in the approximate center of the present court house site and the land to be acquired under the provisions of this Act. Provided, however, that said land shall not be acquired at a cost to exceed Sixty-five Thousand Dollars ($65,000.00).

"Section 2. That the County Commissioners of Volusia County, Florida, are hereby authorized and empowered to pay for said property, in whole or in part, out of any surplus funds available for general purposes and shall issue a promissory note or notes for the payment of the whole or such portion of the purchase price of said property as there shall not be funds otherwise available to effect said purchase. Said promissory note or notes shall bear interest not to exceed six per cent per annum.

"Section 3. That said promissory note or notes shall be general obligations of the County of Volusia, State of Florida.

"Section 4. That said county commissioners are authorized and required to levy such special tax for the payment of said promissory note or notes, together with interest, as shall be necessary to pay off the said promissory note or notes, together with interest in such time as shall seem advisable to the said Board of County Commissioners, provided that said note or notes shall be paid off in not to exceed five years.

"That the lands referred to in said Act are adjoining and contiguous to those owned by the County of Volusia and on which the respondents, as its Board of County Commissioners, have contracted for the construction of a court house; that as will be observed from the language of said Act, it is mandatory in its character, ministerial in its nature, unconnected with the exercise of any discretion or judgment and imposes a duty on respondents to proceed as directed therein. That acting in compliance with said Act (House Bill No. 1694), on July 12th, A. D. 1927, the respondents, as the Board of County Commissioners of Volusia County, Florida, adopted a resolution providing for the purchase of the land described therein pursuant to the terms thereof, and notified the James Peterson Construction Company to discontinue work under its contract for the construction of said court house, pending such purchase; that on July 25th, A. D. 1927, a bill of complaint was filed by one T. K. Apgar in the Circuit Court of Volusia County, seeking to have the said Act of the Legislature (House Bill No. 1694) declared null and void and to restrain the respondents, as the Board of County Commissioners of Volusia County, a political subdivision of the State of Florida, or anyone by, or through them, from recognizing or attempting to carry out the terms of said Act; that a temporary restraining order was granted without notice, on the date the said bill was filed; that a motion to

dissolve the said temporary restraining order was granted by Judge J. C. B. Koonce, *pro hac vice,* on August 26th, 1927, from which last mentioned order an appeal was taken to this Court, and that this Court did on the 13th day of March, A. D. 1928, decide the foregoing to be the facts in the case and in favor of the validity of said Act (House Bill No. 1694), reference to which decision is most respectfully prayed. That respondents, as the Board of County Commissioners of Volusia County, Florida, elected to act under and pursuant to said Act of the Legislature of Florida (House Bill No. 1694), and, so acting thereunder, entered into negotiations with one George A. Davis, the owner, for the purchase of the east 72 feet of Lot Four (4), Block Three (3) Rogers Map of DeLand, Florida, same being the lands specifically described in said legislative Act at and for the price of Sixty-five Thousand Dollars ($65,-000.), and agree with said Davis on the price of Sixty-five Thousand Dollars ($65,000.00), and he agreed to sell, and said County Commissioners agreed to buy said property at and for the said price, such price to be evidenced by notes of Volusia County, Florida, in the aggregate principal sum of Sixty-five Thousand Dollars ($65,000.00), bearing interest at the rate of six per cent per annum; that pursuant to said legislative Act, and the foregoing agreement and negotiations, George A. Davis, the owner, prepared, properly executed, and tendered in open meeting to respondents, as the Board of County Commissioners of Volusia County, a good and sufficient warranty deed conveying said above described property, which respondents, as such Board of County Commissioners, at the time said deed was so tendered, did refuse to accept same, stating that they could not proceed further with the transaction at that time because of a restraining order in the case of Apgar against themselves, and others,

involving the validity of House Bill No. 1694, which case was recently decided by this Court. That the respondents, as the Board of County Commissioners of Volusia County, Florida, having elected to and having proceeded under House Bill No. 1694, as hereinabove set forth, was thereafter, and is now estopped from repudiating and abandoning the same, and the owner is obliged to perform, which he now is, and always has been ready, able and willing so to do. That the respondents, as the Board of County Commissioners of Volusia County, Florida, after the rendition of the above mentioned decision in this Court on, to-wit, the 16th day of March, A. D. 1928, met in special sessions and passed the following resolutions:

" *'Be It Resolved by the Board of County Commissioners of Volusia, County, Florida*:

"That the motion of the Board of County Commissioners passed at its meeting on July 12th, A. D. 1927, substantially as follows: 'That the Board of County Commissioners for and on behalf of Volusia County, Florida, purchase the lot described in House Bill No. 1694, provided it can be purchased in strict conformity with House Bill 1694 as made and provided by the Legislature of Florida,' be and the same is hereby revoked, repealed and rescinded.

" *'Be It Resolved by the Board of County Commissioners of the County of Volusia and State of Florida*:

" 'That the Clerk of the Board of County Commissioners be, and he is hereby instructed to immediately notify the contractor, Peterson Construction Company and T. K. Apgar to resume work on the construction of the court house for Volusia County, Florida, in accordance with the original and authentic plans and specifications on or before Monday, March 19th, A. D. 1928, and that they continue work on the construction of said court house continuously until the same has been fully completed.'

"That the action of the Board of County Commissioners of Volusia County, Florida, in passing the foregoing resolutions is in direct violation and in opposition to the requirements of House Bill No. 1694.

"That the east seventy-two (72) feet of Lot Four (4), Block Three (3), Rogers DeLand, is available to, and can be purchased by respondents, as the Board of County Commissioners of Volusia County, Florida, for court house purposes, at a cost not to exceed Sixty-five Thousand ($65-000.00) Dollars, as is required in the legislative Act in question (House Bill No. 1694).

"That although according to the averments hereinbefore set forth, it is the duty of said respondents, as the Board of County Commissioners of Volusia County, Florida, imperative and ministerial in its nature, and unconnected with any element of discretion or judgment, to comply with the requirements of House Bill No. 1694; respondents have expressly manifested their intention not to perform the same.

"THESE ARE THEREFORE TO COMMAND YOU the said G. A. Tyler, W. C. Jackson, W. H. McBride, C. B. Jones and W. P. Wilkinson, as, and composing the Board of County Commissioners of Volusia County, a political subdivision of the State of Florida, to forthwith take such proper action as will result in the purchase by Volusia County, a political subdivision of the State of Florida, of the east seventy-two (E. 72) feet of Lot 4, Block 3, Rogers DeLand, as described in House Bill No. 1694, in accordance with the requirements of said Act; and that you forthwith do all other things incidental to carry out the primary purpose of the said legislative Act; and that, in default thereof, you be and appear before the Supreme Court of the State of Florida at the Supreme Court building in the City of Tallahassee, Florida, on the 3rd day of April, 1928, at ten ·

o'clock A. M., and that you then and there show cause why you have failed and refused so to do; and then and there have you this writ.''

Respondents filed a motion to quash and also a demurrer to the alternative writ on grounds that the statute is merely permissive and not mandatory; that the official acts referred to are discretionary and not controlled by mandamus; that the command of the alternative writ is vague, indefinite and uncertain; and respondents are required to look beyond the writ for its commands, &c &c.

The relators move for a peremptory writ.

In Apgar v. Wilkinson *et al.*, 95 Fla. 457, 116 So. 78, the statute here considered, House Bill 1694, Chapter 13486 Acts of 1927, was held to be valid as authority to the county commissioners to do the things commanded by the Act; but it was not there necessary to decide whether the Act is mandatory or merely permissive. It is now held that the statute by its terms is mandatory and the acts to be performed are ministerial or administrative and may be enforced by mandamus. State *ex rel* v. Baker County, 22 Fla. 29; County Commissioners v. King 13 Fla. 451; Huey v. Waldorp, 141 Ala. 318, 37 So. 380; County Commissioners v. Pilot Comm. 52 Fla. 197, 42 So. 697.

Though mandatory the Act does not violate Section 5, Article IX of the State Constitution providing that the Legislature ''shall authorize the several counties'' to impose taxes for county purposes. The purpose of the Act being to provide for acquiring additional land for court house purposes and to cause the court house of the county to be constructed in the approximate center of the present court house site and the land to be acquired under the Act, the incidental regulation by the Act of the duties of the county commissioners and other matters in providing for accomplishing the object of the Act, does not violate Sec-

tion 20 of Article III of the Constitution. See Kroegel v. Whyte, 62 Fla. 527. The rights of the county in the contract previously made for constructing the court house on the original site are subject to proper legislative control. The rights of the contractor are not involved here. Without deciding whether in any case a statute prescribing ministerial or administrative duties may be referred to in the command of an alternative writ for a statement of the duties commanded, the command of the alternative writ must be followed if a peremptory writ be issued, and the writ in this case should be more specific in requiring the respondents to purchase described land if it can be done on the terms and at a reasonable price not to exceed the price stated in the Act, and to cause the court house of the county to be constructed in the approximate center of the present court house site and the land to be acquired, the duties of the county commissioners to pay for the land in the manner provided if the title is good and it is purchased as provided in the Act and other matters required by the Act being incidental to the commands to be performed.

The demurrer to the alternative writ is sustained with leave to the relators to amend the command of the writ within seven days and the respondents shall take issue thereon if they so desire within seven days after a copy of the amendment is served on them or on their counsel. The motion to quash the alternative writ will be treated as suspended.

It is so ordered.

TERRELL, STRUM, BROWN AND BUFORD, J. J., concur.

ELLIS, C. J., concurs in conclusion that the demurrer to the writ should be sustained.

BROWN, J. (concurring):

If the use of the word *"authorize"* in Section 5 of Article 9 limits or denies the power of the Legislature to require or compel a county to assess and impose taxes for a purely county purpose, as I am inclined to think it does, it can hardly apply here. The State is also vitally interested in court houses. It is there that the laws of the State are administered by the Circuit Judge who is a member of the State's judiciary and whose compensation is paid by the State. It is of such importance to the State that there be a reasonable adequate court house in each county that it is not exclusively a "county purpose" and the Legislature may therefore prescribe mandatory duties upon the counties and county commissioners with reference to the construction and maintenance of court houses and the levy of taxes made necessary thereby. While I was at first inclined to the opposite view, I have reached the conclusion that the State's vital interest in court houses renders this act inoffensive to Section 5 of Art. 9 of the Constitution. Nor is it in conflict with Section 4 of Art. 8, which deals merely with county seats. See opinion in Jackson Lumber Co. *et al*, v. Walton County, decided at this term.