EUGENE KNIGHT, *Appellant*, vs. THE BOARD OF PUBLIC INSTRUCTION FOR THE COUNTY OF HILLSBOROUGH, STATE OF FLORIDA, et al., *Appellee.*

136 So. 631.

Division B.

Opinion filed September 15, 1931.

*C. Edmund Worth,* Counsel for the Appellant;

*W. F. Himes,* Counsel for Appellees.

WHITFIELD, P.J.—In proceedings brought by a resident taxpayer to enjoin the payment of compensation to attorneys employed by the Board as being a violation of Chapter 14652, Acts of 1931, the Circuit Court .held the act to be "unconstitutional upon one or more of the grounds raised by the demurrers incorporated in the answers" and dismissed the bill of complaint. The complainant appealed.

The title of the act is:

"AN ACT Preventing the Board of Public Instruction of Each and Every County in the State of Florida Having a Population of Not Less Than 143,000 and Not More Than 154,000 According to the Last Preceding State or Federal Census, from Employing and Paying a Separate Attorney for said Board and Devolving the Duties Heretofore Performed by the Attorneys of Said Boards in Said Counties Upon the Attorneys Representing the Boards of the County Commissioners in said Counties."

Section 1 of the Act conforms to the title while sections 2 and 3 apply to all the counties of the State, which latter sections are broader than the subject expressed in the title. Ex parte Knight, 52 Fla. 144, 41 So. 786.

The title of the Act shows that its only purpose is to regulate the duties of a class of county officers which section 20, Article III of the constitution forbids to be done by a special or local law. Such regulation of the duties of a class of officers is not merely incidental to another and different subject of legislation as in Kroegel v. Whyte, 62 Fla. 527, 56 So. 498; Lainhart v. Catts, 73 Fla. 735, 75 So. 47; Berry v. Hardee, 83 Fla. 531, 91 So. 685; Apgar v. Wilkinson, 95 Fla. 457, 116 So. 78; Jackson Lumber Co. v. Walton Co., 95 Fla. 632, 116 So. 771; State ex rel. v. Tyler, 95 Fla. 811, 116 So. 760; State ex rel. v. Daniel, 87 Fla. 270, 99 So. 804; State ex rel. v. Fearnside, 87 Fla. 34, 100 So. 256.

Even though when the bill was introduced into the legislature the provisions of its title and those in the body of the Act were of uniform operation throughout the State, the bill as enacted and authenticated, is by its title and its first section expressly limited in its operation to counties "having a population of not less than 143,000 and not more than 154,000, according to the last preceding State or Federal census." This classification of counties when enacted embraced only one county, and though the reference to the census is progressive so that

the Act might possibly apply to other counties in the future, yet the classification is not of all of the counties for a permissible subject of legislation, by classification, and as applied to the subject here regulated and the object designed, the classification as adopted is arbitrary and unreasonable, in addition to being contrary to the intendments of section 20, Article III, and the policy of section 1, Article XII of the constitution. The Act is therefore a special or local law, notice of the introduction of which was not published as required by amended section 21, Article III, constitution, and the subject of which is forbidden to be enacted in a local or special law by section 20, Article III, constitution. See Anderson v. Board, decided August 3, 1931, 136 So. 334; Jordan v. State, 100 Fla. 494, 129 So. 747; Stripling v. Thomas, 101 Fla. 1015, 132 So. 824; Whitney v. Hillsborough County et al., 99 Fla. 628, 127 So. 486.

The entire Act is therefore inoperative.

Affirmed.

TERRELL AND DAVIS, J.J., concur.

BUFORD, C.J., AND ELLIS AND BROWN, J.J., concur in the opinion and judgment.