138 So.2d 65 (1962)
Robert W. WILSON, Alice E. Wilson, M.J. Alfonso et al., Appellants,
v.
HILLSBOROUGH COUNTY AVIATION AUTHORITY, Appellee.
No. 31304.
Supreme Court of Florida.
February 14, 1962.
Rehearing Denied March 19, 1962.
*66 Corcoran & Henson, Tampa, for appellants.
T. Paine Kelly, Jr., of Macfarlane, Ferguson, Allison & Kelly, Tampa, for appellee.
THORNAL, Justice.
We have for review an interlocutory order of the circuit court sustaining a motion to dismiss a complaint by which Robert W. Wilson et al., assaulted the constitutionality of Section 11, Chapter 59-1356, Florida Statutes, relating to the powers of the appellee Hillsborough County Aviation Authority.
We must decide whether the cited statute violates Section 20, Article III, Florida Constitution, F.S.A., which prohibits the passage of local laws "regulating the jurisdiction and duties of any class of officers", and also local laws "for assessment, and collection of taxes for State and county purposes * * *."
Hillsborough County Aviation Authority was created by Chapter 23339, Laws of Florida 1945. The agency consists of three persons appointed by the Governor and two others, one of whom must be the Mayor of Tampa and the other must be a County Commissioner of Hillsborough County. The announced purpose of the statute was to establish an agency to supervise, control and manage all airports in the county, as well as to acquire, own, and operate, airports and facilities related thereto. Two portions of Section 11, Chapter 59-1356, supra, are under attack. One provides that the Authority,
"* * * shall adopt a resolution determining and finding the estimated amounts to be expended by the Authority in the ensuing fiscal year, exclusive of the proceeds of any bonds or other obligations of the Authority, for acquiring, establishing, constructing, enlarging, operating and maintaining said airports and other aviation facilities and other facilities related thereto of the Authority, or for any other corporate purpose of the Authority, and requesting the Board of County Commissioners of Hillsborough County to levy a tax, not exceeding in any event one and one-half (1 1/2) mills per annum, on all the taxable real and personal property in the county for the exclusive and proper use of the Authority for such purposes. * * *"
The other provides,
"* * * neither the said board of county commissioners nor said county budget commission shall have any right or authority to alter, change, revise, or amend said estimate nor any of the provisions in the aforesaid annual budget for the expenditure of such amounts for said purposes, except that the county budget commission within the provisions of Chapter 14678, Laws of Florida, Acts of 1931, amended, by resolution duly adopted and filed with the board of county commissioners, may alter, change, revise or amend the provisions in the annual budget which relate to the general administrative and operating expenses of the Authority in such manner as it deems advisable * * *."
In seeking an injunction the appellants contended that the quoted provisions constituted a prohibited regulation of the duties and jurisdiction of the county commission and the budget commission. They also contended that the provisions which we have quoted purport to authorize the assessment and collection of taxes by a local law. Preliminary to the consideration of the application for a temporary restraining order to prevent the Authority from functioning under the statute, the chancellor *67 considered a motion to dismiss the complaint. This he was authorized to do under our prior decisions. McMullen v. Pinellas County, 90 Fla. 398, 106 So. 73; Hall v. Hanford, Fla. 1953, 64 So.2d 303; Cramp v. Board of Public Instruction, Fla. 1960, 118 So.2d 541. By his order sustaining the motion to dismiss the chancellor expressly passed upon the validity of the subject statute. This interlocutory appeal, therefore, comes directly here under Article V, Section 4(2), Florida Constitution.
We have heretofore upheld local acts establishing various special improvements districts and county development authorities such as the County Airport Authority here involved. In those instances where we have approved such legislation, we did so on the basis that the county agency served an important and valid public purpose. When an analysis of a statute reveals that an appropriate county purpose will be served by the agency created, we have consistently extended to the legislation our judicial approval. Kirkland v. Phillips, Fla. 1958, 106 So.2d 909; State v. Dade County, Fla. 1953, 62 So.2d 404; State v. Dade County, 1946, 157 Fla. 859, 27 So.2d 283.
Any extensive citation of decisions to support the view last announced would unduly burden the present opinion. It is sufficient to conclude the point with the observation that so long as the purpose served is a public one, there is no constitutional prohibition against the establishment of such districts and authorities. Lainhart v. Catts, 73 Fla. 735, 75 So. 47.
The provision of Section 20, Article III, Florida Constitution, proscribing local laws for "the assessment and collection of taxes" for county purposes was designed merely to provide uniformity in the assessment and collection process. It has never been construed to prohibit local laws which authorize a particular tax for a particular local county purpose. In the latter regard, we have always considered that Section 5, Article IX, Florida Constitution, which provides in part that "the Legislature shall authorize the several counties * * * to assess and impose taxes for county * * * purposes" implicitly permitted authorization to counties to levy particular taxes individually, as well as collectively. The constitutional reference to "the several counties" has been construed to mean all of the counties or any one of them. Whitney v. Hillsborough Co., 99 Fla. 628, 127 So. 486; Kroegel v. Whyte, 62 Fla. 527, 56 So. 498.
Having determined the validity of the broad public purpose served by the appellee Authority, it is only necessary to apply the established rule that the incidental involvement of the duties of other county officers would not do violence to that provision of Section 20, Article III, Florida Constitution, which prohibits local laws "regulating the jurisdiction and duties of any class of officers." We have likewise on numerous occasions concluded that where a county agency is established by local law to serve a proper county function, the Act is not made unconstitutional by virtue of the fact that it imposes incidental responsibility on county commissioners and other officers in order to accomplish the overall purpose of the statute. Kirkland v. Phillips, supra; State ex rel. Board of Com'rs of Indian River etc. v. Board of County Commissioners of Indian River County, 103 Fla. 946, 138 So. 625; Berry v. Hardee, 83 Fla. 531, 91 So. 685; Kroegel v. Whyte, supra; Lainhart v. Catts, supra.
We are not here confronted by cases such as Crowder v. Phillips, 146 Fla. 440, 1 So.2d 629, and Budget Commission of Pinellas County et al. v. Blocker, Fla. 1952, 60 So.2d 193. Both are relied upon by appellants. In the first case the statute purported to authorize a special hospital district to take over the functions of actually levying and collecting ad valorem taxes as against the claim of the county commissioners that this was a responsibility imposed upon them by organic law and general statutes enacted pursuant thereto. In Blocker the statute purported to subordinate completely the *68 county commissioners in the exercise of all of their governmental functions to the control of a budget commission. It was clear from the language of the statute that it constituted a legislative effort by local act to remove from the county commissioners every segment of control over the governmental operations of the county. The regulation of the duties and jurisdiction of the county commissioners was the primary, if not the sole, objective of the enactment.
In the matter before us the Authority levies no taxes. Its operating expenses are actually supervised and controlled by the ultimate judgment of the budget commission and the county commission. The latter fixes and levies the millage within the maximum allowed by the statute. The prescribed duties of these two county boards are merely incidental to the accomplishment of the comprehensive county purpose announced by the Legislature to be accomplished legitimately by the Airport Authority. Such incidental regulation by local law is not prohibited.
The foregoing disposes of all of the points raised by the appeal. The decree of the chancellor is, therefore, affirmed.
It is so ordered.
ROBERTS, C.J., THOMAS and O'CONNELL, JJ., and SCOTT, Circuit Judge, concur.