ROBERTS, Acting Chief Justice.
This is an appeal from a decree of the Circuit Court of Brevard County, validating $800,000.00 of Recreational Facilities Bonds. Authority was conferred upon Brevard County to issue the bonds in certain districts of the County for the purpose of financing the cost of acquisition and construction of recreational facilities, by Chapter 61-1909, Laws of Florida, Acts of 1961, entitled:
“An Act Relating to Brevard County; Authorizing Said County or Any County Commissioners District of Said County to Establish and Maintain County or District Recreational Areas and Facilities; Fixing the Powers of the Board of County Commissioners of Said County'in Relation Thereto; Empowering said Board of County Commissioners to Levy a Tax Not to Exceed One-half (}/£) Mill and to Issue Bonds; providing for a Referendum.” (Emphasis supplied).
The Act was approved in a referendum held in 1962.
Thereafter the Board of County Commissioners created County Commission Recreation Districts No. 2, 3 and 4, the boundaries of which are co-terminous with the present boundaries of County Commission Districts No. 2, 3 and 4 theretofore created some fifteen years before.
An election was subsequently held on November 2nd, 1965, and a majority of the qualified electors, who were freeholders residing in the districts, participated in the bond election in each district and voted in favor of the issuance of the bonds.
Appellant-intervenor contends that the Act is unconstitutional inasmuch as the boundaries of the recreation districts did not relate to any special benefits to be derived by the owners of real property located within the districts; that inasmuch as the recreational districts were drawn co-terminous with the county commission districts the boundaries would be uncertain, since Section 5, Article VIII, Constitution of Florida, F.S.A., provides that county commission districts be as nearly as possible equal in proportion to population; and that because the entire County was not designated the recreation district, and the districts as designated, did not relate to or *284 depend upon any special benefits to the freeholders within said districts, the entire act should have been found unseparable and unconstitutional.
We have examined the Act and find that it is in harmony with Sections 20 and 21 of Article III and Section 5 of Article IX, Constitution of Florida, and is valid. Compare Wilson v. Hillsborough County Aviation Authority (Fla.1962), 138 So.2d 65. The Act as approved by the voters provides adequate authority for payment of the bonds authorized to support this project for the general welfare of the County, and sufficient evidence was presented to support the issue.
The change, if any, in the boundary lines of the county commission districts would not affect the recreational districts-established inasmuch as each district is anchored to present boundaries and the County is required to apply the ad valorem tax. levied in the recreation district as presently-described after the contractual rights of' the bondholders become vested. See Bedell v. Lassiter (Fla.1940), 143 Fla. 43, 196 So. 699.
We have examined the other contentions of appellant and find them without merit.
Accordingly, the decree of validation of the trial judge is affirmed and the issuance of the proposed bonds is approved.
It is so ordered.
DREW, O’CONNELL, CALDWELL' and ERVIN, JJ., concur.