QUESTION: Is Part I of Ch. 287, F.S., applicable to the SarasotaManatee Airport Authority?
SUMMARY: The Sarasota-Manatee Airport Authority is not a "state agency" but is a "local public agency" within the purview of the State Purchasing Act, s. 22 of Ch. 69-106, Laws of Florida (ss.287.012-287.052 and 287.062-287.102, F.S.). It is an "agency" as defined by s. 287.055(2)(b) of the Consultants' Competitive Negotiation Act and thus required to comply with that act in contracting for the professional services of architects, engineers, or registered land surveyors. Part I of Ch. 287, F.S., consists of the State Purchasing Law, Ch. 57-171, Laws of Florida, as amended (ss. 287.012-287.052 and 287.062-287.102), and the Consultants' Competitive Negotiation Act, Ch. 73-19, Laws of Florida (s. 287.055). As each of these acts defines "agency" in a different manner, it will be necessary to consider your question in two aspects — as it relates to the purchasing of commodities by state and local governmental agencies, and as it provides for competitive negotiations for the professional consulting services of architects, engineers, and registered land surveyors. As to the requirements of law respecting purchasing of "commodities" by the state and its agencies, as defined in s. 287.012, it seems clear that the authority is not a state agency within the purview of the law. "Agency" is defined as "any of the various state officers, departments, boards, commissions, divisions, bureaus, councils, and any other unit of organization however designated." Section287.012, supra. The Sarasota-Manatee Airport Authority was created by Ch. 31263, 1955, Laws of Florida, as a "body politic and corporate" for the purpose of acquiring and maintaining airport facilities on behalf of the four "participating political subdivisions," Sarasota and Manatee counties and the cities of Bradenton and Sarasota; and it serves primarily a local rather than a state purpose. Cf. Wilson v. Hillsborough County Aviation Authority, 138 So.2d 65 (Fla. 1962), in which the court referred to the aviation authority as a "county agency"; and AGO 067-20, ruling that the Monroe County Anti-Mosquito District is not a "governmental unit or board of the state and not an agency of the county" within the purview of s. 112.12, F.S., authorizing the designated public agencies to provide health, accident, or hospitalization insurance for their employees. I have not overlooked the opinions of my predecessors in office in AGO's 068-75 and 057-208, ruling that the Florida State Turnpike Authority and the Jacksonville Expressway Authority, respectively, were "state agencies" within the purview of the State Purchasing Law. However, each of these governmental entities was expressly designated in the creating statute as a "state agency." No such designation is made by Ch. 31263, supra, as to the Sarasota-Manatee Airport Authority. The statute requires state agencies to purchase commodities under purchasing agreements and contracts executed by the Division of Purchases of the Department of General Services and authorizes a "county, municipality, or other local public agency" to do so. Section 287.042(2), F.S. And I have the view that, rather than a state agency, the airport authority is a "local public agency" within the purview of the State Purchasing Law. The term local public agency is not otherwise defined in the law. But the term "public agency" is such a broad and general classification that it would appear to have been intended to include any local governmental entity, such as a special district or authority, created by the Legislature to perform a public function in a limited area. It is noteworthy that, as originally enacted by Ch. 57-171, Laws of Florida, the statute authorized "a county, municipal, or other local public authority" to utilize the state's purchasing agreements in making their purchases and specifically exempted purchases under state purchase contracts "by any county, county board of public instruction, municipal or other local public agency or authority . . . from the competitive bid requirements otherwise applying to purchases by such political subdivisions and authorities." Section 287.051, F.S. 1957. (A similar exemption from competitive bidding was carried forward in s. 287.042(2), F.S. 1973.) The Governmental Reorganization Act, s. 22, Ch. 69-106, Laws of Florida, abolished the old state purchasing commission and reenacted the provisions of s. 287.051, F.S. 1957, without substantial change; and there is nothing to indicate that it intended the term "local public agency" to be any less inclusive as to authorized purchasing under state contracts by local governmental entities than the former statute. I have the view, therefore, that the Sarasota-Manatee Airport Authority is a local public agency within the purview of the State Purchasing Law. As to the question of whether the authority is required to comply with the Consultants' Competitive Negotiation Act (the CCNA hereafter): This statute defines "agency" to mean "the state or a state agency, municipality, or political subdivision, a school district or a school board." Section 287.055(2)(b), F.S. As noted in AGO 074-308, the CCNA "was designed to provide procedures for state and local government agencies to follow in the employment of professional service consultants so as to make more competitive the contracting for professional services and to require the employing of the most qualified and competent individuals and firms at fair, competitive and reasonable compensation," citing AGO 073-216. It was said also that the act "was enacted for the public benefit and thus should be interpreted most favorably to the public." In AGO 074-308 the act was held to be applicable to the Orange County Civic Facilities Authority — which, like the Sarasota-Manatee Airport Authority, was created by special act as a "public body, politic and corporate" in Orange County; and in AGO 074-89 it was ruled that the West Orange Memorial Hospital Tax District should comply with its requirements. Under the authority of these rulings, it must be concluded that the Sarasota-Manatee Airport Authority is within the purview of, and should comply with, the CCNA.