QUESTIONS:
1. Is Ch. 59-1736, Laws of Florida, as amended, which creates the Pinellas County Park Board, violative of s. 11(a)(1), Art. III, State Const., in that it provides that the park director may be removed only upon the concurrence of both the board of county commissioners and the park board?
2. Is the above-cited special act in violation of s. 13, Art. III, State Const., in that it provides for a 5-year term of office for members of the park board?
3. Has the above-cited special act been superseded in part by ss. 5(3) and 9 of Ch. 69-1484, Laws of Florida, which authorizes the board of county commissioners to appoint a county administrator to supervise all departments and employees of the county commission?
SUMMARY:
Ch. 59-1736, Laws of Florida, as amended, creating the Pinellas County Park Board is presumed to be constitutional and must be given effect until judicially declared to be invalid. The portion of Ch. 59-1736, as amended, which provides for a 5-year term for the members of the park board would probably be construed by the judiciary as though it provided a 4-year term. Furthermore, that part of the act which provides that the park director may be removed for cause only upon the concurrence of both the park board and the board of county commissioners does not appear to violate the constitutional prohibition against special laws pertaining to the election, jurisdiction, or duties of certain officers. Finally, Ch. 59-1736, as amended, does not appear to have been superseded by Ch. 69-1484, Laws of Florida, a special act authorizing the board of county commissioners to appoint an administrator to supervise all departments and employees of the county commission.
Chapter 59-1736, Laws of Florida, as amended by Chs. 61-2671, 69-1491, 70-901, and 72-662, Laws of Florida, establishes the Pinellas County Park Board and further provides for the employees, compensation, duties, and authority of said board. The park board, with the approval of the board of county commissioners, is empowered to supervise, manage, operate, and maintain all parks, playgrounds, and recreational areas in the county and regulate the use by the general public of such facilities. Section 3, Ch.59-1736, as amended. The act further authorizes the board of county commissioners to acquire property by eminent domain proceedings for park purposes, as well as to levy an ad valorem tax for such purposes. Sections 5 and 6, Ch. 59-1736, as amended.
At the outset, it should be emphasized that Ch. 59-1736, as amended, like other legislative enactments is presumed to be constitutional and must be complied with until such time as it is judicially declared to be invalid. Evans v. Hillsborough County,186 So. 193 (Fla. 1938); White v. Crandon, 156 So. 303 (Fla. 1934). This office has no authority either to declare the special law invalid vel non or to advise noncompliance with its terms. Cf. AGO 077-99. With these comments in mind, I will proceed to comment generally on the constitutional issues raised by your letter.
AS TO QUESTION 1:
Section 4, Ch. 61-2671, Laws of Florida, amended s. 4 of Ch.59-1736, Laws of Florida, to provide in part as follows:
 The park board, with approval of the board of county commissioners is hereby authorized and empowered to employ a park director to act as general manager of all parks, playgrounds, and recreational facilities in Pinellas County. The park director shall be selected upon his professional qualifications and shall be removed only for cause determined at public hearing before the board of county commissioners and the park board upon a majority vote of both bodies.
In your letter you suggest that Ch. 59-1736, Laws of Florida, as amended, is in violation of s. 11(a)(1), Art. III of the State Constitution by virtue of the aforementioned provision which `usurps the powers, prerogatives, rights, responsibilities and obligations' of the board of county commissioners, by permitting the park board to `veto' the removal of the park director. Section 11(a)(1), Art. III, states that the Legislature shall not enact any special law or general law of local application pertaining to `election, jurisdiction or duties of officers, except officers of municipalities, chartered counties, special districts or local governmental agencies.'
It is well established that s. 11(a)(1), Art. III, supra, (formerly s. 20, Art. III, State Const. 1885) does not prohibit the Legislature from enacting special laws which establish agencies to perform county functions. Wilson v. Hillsborough County Aviation Authority, 138 So.2d 65, 67 (Fla. 1962); State v. Dade County, 62 So.2d 904 (Fla. 1953); Lainhart v. Catts,75 So. 47, 52 (Fla. 1917). Special laws creating county offices other than those provided in the Constitution have also been upheld, and the Legislature is empowered to confer administrative duties pertaining to the affairs of the county upon officers other than the county commissioners. Thursby v. Stewart, 138 So. 742, 750
(Fla. 1931); State ex rel. Landis v. Wheat, 137 So. 277, 283 (Fla. 1931). Cf. State v. Escambia County, 52 So.2d 125, 130 (Fla. 1951), in which the court held that a provision of a special act authorizing the Board of County Commissioners of Santa Rosa County to delegate to and invest power and authority in the Santa Rosa Island Authority to exercise, do, and perform authority, powers, duties, and acts therein prescribed with reference to Santa Rosa Island facilities did not constitute an unlawful delegation to said county commissioners of legislative powers.
Moreover, the courts have repeatedly sustained such legislation, even though the law would impose additional duties upon county officers, in order to accomplish the overall purpose of the statute. State v. Reedy Creek Improvement District, 216 So.2d 202,207 (Fla. 1968); Kirkland v. Phillips, 106 So.2d 909, 912 (Fla. 1958); State v. City of Tampa, 72 So.2d 371 (Fla. 1954); Martin v. Dade Muckland Co., 116 So. 449 (Fla. 1928).
In State v. Holbrook, 176 So. 99, 101 (Fla. 1937), the court considered a special law providing for tenure of employment for school teachers in Orange County. The court noted that the act made `certain radical limitations' upon the powers of nomination vested in the trustees of special school districts and the powers of appointment and employment vested in the county board of public instruction. The court upheld the statute, however, against the respondent's contention that the special law regulated the duties and jurisdiction of officers. The court explained at p. 102:
 By a long line of authorities this court has held that, where the main purpose of a local or special act is valid and constitutional, and where the effect of such act upon the jurisdiction or duties of state or county officers is merely incidental to such main purpose, the act will not be held to be in violation of that provision of section 20 of article 3 of the [1885] Constitution [now s. 11(a)(1), Art. III, State Const.] which prohibits the passage of special or local laws regulating the jurisdiction or duties of any class of officers except municipal officers. (Emphasis supplied.)
Similarly, in Cooley v. State, 21 So.2d 347, 348 (Fla. 1945), the Florida Supreme Court wrote:
 It was contended in the court below, and that court so held, that this Act violates § 20, Article III of the Constitution of Florida in that it is special or local Act regulating the jurisdiction and duties of a county officer. With this conclusion we do not agree. This Act designates the supervisor of registration of Pinellas County as registration officer of the City of Clearwater. This does not result in regulating the jurisdiction of Pinellas County and in no way changes or affects the performance of his duties as such county officer. The effect of the statute is to make him registration officer of the municipality of Clearwater and to define his jurisdiction and duties as such registration officer.
Another case which may serve to illustrate the parameters of the constitutional prohibition under discussion is Budget Commission of Pinellas County v. Blocker, 60 So.2d 193, 196 (Fla. 1952). TheBlocker case involved a population act, Ch. 26465, 1949, Laws of Florida, which established a Budget Commission in Pinellas County which was authorized and empowered to `change, alter, amend, increase, or decrease any item and total amount or amounts of any estimate of expenditures or receipts prepared or submitted by any board pursuant to this act. . . .' Section 9, Ch. 26465. The court ruled that the legislation was unconstitutional and stated:
 Manifestly, the power conferred upon the Budget Commission by Section 9 of the 1949 act does not constitute a mere incidental unintended encroachment upon the free employment of the discretion granted to duly elected county officers in respect to fiscal affairs, but amounts to a complete usurpation of the rights, powers and privileges conferred by general law upon such officers. Thus, the special act, in effect, reduces these constitutionally established offices to positions of virtually complete subordination and the performance of merely such ministerial acts and duties, especially in respect to fiscal budgeting and expenditures, as the Budget Commission sees fit to ordain.
Board of County Commissioners of Palm Beach County v. Hibbard,292 So.2d 1, 6 (Fla. 1974), involved a special act which transferred the power to issue gun permits in Palm Beach County from the county commissioners to the sheriff. The court struck down the law as violative of s. 11(a)(1), Art. III, supra, and reasoned as follows:
 But we reiterate that the purpose of the Special Act in question sub judice was to affect the duties of the Sheriff and the County Commissioners relative to the issuance of gun permits in direct violation of Article III, Section 11, Florida Constitution. As the trial court opined this act curtails the duties of certain constitutional officers and shifts such duties to another constitutional officer. This transference of duties is not incidental to another primary and valid purpose of the act . . . .
Application of the foregoing cases to your inquiry leads me to conclude that Ch. 59-1736, Laws of Florida, as amended, is probably not violative of s. 11(a), Art. III, supra. The purpose of the legislation does not appear to be the transference or curtailment of the duties of the board of county commissioners.See, Hibbard v. Board of County Commissioners, supra. To the contrary, as stated in s. 1 of Ch. 59-1736, the purpose of the act is:
 To create a park board in Pinellas County, Florida, composed of responsible citizens, dedicated to the enhancement of the beauty of Pinellas County; the expansion of recreational facilities in that county and the conservation of public owned lands for public use; for the health and welfare of the public at large.
Furthermore, the major function of the park board is to make reports and recommendations to the county commission; and the supervision, management, and regulation of the use of parks, playgrounds, and recreation in the county by the park board is subject to the approval of the county commission. See s. 3, Ch.59-1736, as amended. Thus, I do not find in the subject legislation a `complete usurpation of the rights, powers, and privileges conferred by general law' upon the board of county commissioners as was found to exist in the law struck down in Budget Commission of Pinellas County v. Blocker, supra. As to that portion of Ch. 59-1736, as amended, which provides that the park director may be removed for cause upon the concurrence of both the park board and the county commission, I believe that this limitation upon the board of county commissioners would be characterized as `incidental' to the main purposes of the legislation and, therefore, not in violation of s. 11(a), Art. III, State Const.
AS TO QUESTION 2:
Section 2 of Ch. 59-1736, Laws of Florida, as amended, provides that each member of the Pinellas County Park Board shall serve a 5-year term of office. However, s. 13, Art. III, State Const., prohibits the creation of any office `the term of which shall exceed four years except as provided herein.'
The Florida Supreme Court has on several occasions construed the substantially similar predecessor of s. 13, Art. III, supra, found at s. 7, Art. XVI of the 1885 Constitution. In early cases, the court struck down as violative of s. 7, Art. XVI, several statutes which either provided for terms of office which were longer than 4 years or which were silent as to the length of term of office. See
State ex rel. Davis v. Botts, 134 So. 219, 220 (Fla. 1931); Stateex rel. Swearington v. Jones, 84 So. 84, 87 (Fla. 1920); State exrel. Clyatt v. Hocker, 22 So. 721, 723 (Fla. 1897).
In later cases, however, the judiciary adopted the position that the Legislature would be presumed to have enacted legislation with the Constitution in mind; and that this presumption would be employed to sustain the validity of the statute `if such may be done without doing complete violence to the language used by the law-making body.' State ex rel. Watson v. Hurlbert, 20 So.2d 693,695 (Fla. 1945). Applying this principle, the court construed statutes which omitted to fix a term of office as though they provided a 4-year term. See State ex rel. Watson v. Hurlbert,supra; State ex rel. Axelrod v. Lee, 181 So. 9, 10 (Fla. 1938).But see State ex rel. Investment Corp. v. Harrison, 247 So.2d 713
(Fla. 1971), in which the court ruled that s. 13, Art. III, State Const. 1968, could no longer be construed to `imply' a 4-year term where a statute creating an office failed to specify a term, because the 1968 Constitution expressly delimits the 4-year provision by adding `except as provided herein.' Accord: In re
Advisory Opinion to Governor, Term. of Appoint., 306 So.2d 509,511 (Fla. 1975).
Similarly, in State ex rel. Landis v. Green, 144 So. 681, 682
(Fla. 1932), the court considered a special act which provided in part for 6-year terms of office for two of the members of the board of commissioners of the Halifax Hospital District. The court ruled that the portion of the act providing for 6-year terms was invalid and could be eliminated, but that such appointments could validly be made for terms of 4 years, as contemplated by the Constitution. Accord: Attorney General Opinion 066-95, in which this office advised the Governor that, where a special act stipulated a 5-year term of office for one of the members of the Citrus County Port Authority, the preferable course of action would be for the Governor to issue a commission for a term of 4 years in place of the office designated for 5 years.
Applying the foregoing principles to your inquiry, it would appear that the judiciary would decline to invalidate Ch. 59-1736, supra, in its entirety notwithstanding the fact that it provides a term of office for the members of the park board that is in excess of 4 years. However, the language providing for a 5-year term of office would probably be stricken, and a term of 4 years substituted therefor.
AS TO QUESTION 3:
Your third question involves ss. 5(3) and 9 of Ch. 69-1484, Laws of Florida, providing for a county administrator for the board of county commissioners. Section 5 of Ch. 69-1484 sets forth the duties of the county administrator, which duties include the following:
 Supervise all departments, department heads, and employees of the county commission and, in his discretion, terminate for cause the employment of any employees of the county commission except for department heads. (Emphasis supplied.)
Section 9 of Ch. 69-1484 provides:
 To the extent necessary to fully effectuate the purpose of this act the provisions hereof shall supersede all laws of local application or special laws relating to the duties and functions of the county commission. (Emphasis supplied.)
Your letter suggests that the above-cited portions of Ch. 69-1484,supra, operate to repeal or supersede portions of Ch. 59-1736,supra, relating to the authority of the `Park Board to supervise the department and department head.'
There is no provision in Ch. 69-1484, supra, which expressly
repeals Ch. 59-1736, supra, or any specific portion thereof. The aforementioned terms of s. 9 of Ch. 69-1484 operate to supersede only inconsistent special acts `relating to the duties and functions of the county commission' to the extent necessary to effectuate the purposes of the act. Thus, in legal effect, this provision adds nothing to the repealing effect of the act of which it is a part, since without such a provision all prior conflicting laws would be repealed by implication. 82 C.J.S. Statutes s. 285, p. 476; Payne v. Buchanon, 150 N.E.2d 250 (Ind. 1958); People v. Downen, 108 P.2d 224, 226 (Colo. 1940).
The judiciary has often declared that implied repeal of earlier laws by later legislation is not favored. Sanders v. Howell,74 So. 802 (Fla. 1917); American Bakeries Co. v. Haines City,180 So. 524 (Fla. 1938). An interpretation leading to implied repeal of a law should not be adopted unless it is inevitable, the rule of construction being that if the court can by any fair, strict, or liberal construction find for the two provisions a reasonable field of operation without destroying their evident intent, then both statutes should be given the effect designed for them. Dade County v. City of Miami, 82 So. 354 (Fla. 1919); Ellis v. City of Winter Haven, 60 So.2d 620 (Fla. 1952). It has also been held that, in order for a court to declare that one statute impliedly repeals another, it must appear that there is a positive repugnancy between the two, that the last was clearly intended to prescribe the governing rule, or that it revises the subject matter of the former. Beasley v. Coleman, 180 So. 625 (Fla. 1938).
Applying the foregoing principles to your question, I do not believe that a positive repugnancy exists between the two special laws which would result in the implied repeal of Ch. 59-1736, as amended, or any portion thereof. The purpose of Ch. 59-1736, as amended, is to establish a distinct entity, the park board, to supervise county parks and recreation areas and make recommendations regarding same. Chapter 69-1484, however, is directed in part toward the administration of departments of thecounty commission and employees of the commission. See s. 3, Ch.69-1484, supra. Since the park board is not a department of the county commission, and the park director is not an employee of the county commission (see s. 4, Ch. 59-1736, as amended, authorizing the park board, with the approval of the county commission, to employ a park director `to act as general manager of all parks, playgrounds, and recreational facilities in Pinellas County'), the two statutes are not actually upon the same subject and do not possess the same objective or purpose. Cf. AGO 058-66 holding that no rule of statutory construction permits implied repeal of one special act by a later special act on a different subject.
Prepared by: Patricia R. Gleason Assistant Attorney General