BEN D. THURSBY, W. C. JACKSON, T. K. APGAR, BEDFORD
JONES and DAVIS FORSTER, as County Commissioners of
Volusia County, Florida, *Plaintiffs in Error*, v. STATE OF
FLORIDA, ex rel. J. A. HARPER, *Defendant in Error*.

137 So. 689.

Division A.

Opinion filed November 13, 1931.

*W. J. Gardiner*, for Plaintiffs in Error;

*Stewart & Stewart*, for Defendant in Error.

BUFORD, C.J.—The defendant in error being duly appointed as, and having discharged the duties of County Agent under the provisions of section 487 R. G. S., 606 C. G. L., was paid his salary from March 1, 1931, to May 19, 1931, at the rate of $200.00 per month, but from May 19, 1931, until the 11th day of September, 1931, the County Commissioners of Volusia County refused to pay the salary of the said County Agent because of the provisions of House Bill #687 approved by the Governor on May 19, 1931, and becoming effective as a law on that date, wherein it was provided:

"Section 1. That from and after the time this Act shall become a law, it shall be unlawful for the County Commissioners of Volusia County, Florida, to appropriate or pay in any manner whatsoever any of the funds of said County to any person, as salary, part of salary or otherwise, serving or purporting to serve as County Agent in said County under and in pursuance of the Agricultural Extension Work Act of the Congress of the United States assented to by Chapter 6839, Laws of Florida, Acts of 1915, without the appointment of such person as such county agent having been duly

approved by the director or vice-director of the Extension Department of the University of Florida.''

The County Commissioners of Volusia County having so refused to pay the salary of the county agent, defendant in error here, the county agent brought suit in mandamus to compel the County Commissioners to pay his salary. The County Commissioners answered the alternative writ admitting in effect that the relator, defendant in error here, was entitled to the payment of his salary by the respondent except for the provision of the Act of the Legislature above referred to wherein it was required that the appointment of County Agent for Volusia County should be approved by the director or the vice-director of the Extension Department of the University of Florida and section 2 of the Act provided that any member of the Board of County Commissioners voting to appropriate or to pay any funds to such person without the appointment of such person having been duly approved by the director or vice-director of the Extension Department of the University of Florida should be removed from office.

On the return coming in, motion was filed for peremptory writ to issue, the return notwithstanding. The writ was issued and thereupon writ of error was sued out from this Court to review the order of the court.

The Act requiring the approval of the appointment of the County Agent by the director or vice-director of the Extension Department of the University of Florida applies in terms to Volusia County only.

The Act clearly violates section 20, Article III of the Constitution and is void. For cases in point see, Knight vs. Board of Public Instruction of Hillsborough County, decided at this term of the Court, and Pierce et al. vs. State ex rel. Trustees Special School District No. 32 of Pasco County, decided at this term of the Court, and cases cited in those opinions.

The judgment should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.