STATE, *ex rel.* E. R. PIERCE, as Tax Assessor of St. Lucie County, v. E. G. GUSTAFSON, as Chairman, J. M. SAMPLE, *et al.,* as and constituting Board of Commissioners of Fort Pierce Port District, and W. N. CROOKS, as Treasurer of said District.

174 So. 12.
Division A.
Opinion Filed April 19, 1937.

*Alto Adams,* and *D. C. Smith,* for Plaintiff in Error;

*F. L. Hemmings* and *Walker Liddon,* for Defendant in Error.

BUFORD, J.—We review judgment of Circuit Court quashing alternative writ of mandamus, the purpose of which was to coerce the respondents as Commissioners of Fort Pierce Port District to audit and approve and pay certain fees to petitioner which he claims to be entitled to receive for compensation as Tax Assessor solely by reason of the provisions of Chapter 15049, Acts of 1931, and Chapter 15793, Acts of 1931.

Section 20 of Article III of the Constitution provides: "The Legislature shall not pass special or local laws in any of the following enumerated cases; that is to say, regulating the jurisdiction and duties of any class of officers, except municipal officers, or for the punishment of crime or misdemeanor; regulating the practice of courts of justice, except municipal courts; providing for changing venue of civil and criminal cases; granting divorces; changing the names of persons; vacating roads; summoning and empannelling grand and petit juries, and providing for their compensation; for assessment and collection of taxes for State and county purposes; * * * regulating the fees of officers of the State and County.

Section 21 of Article III of the Constitution provides:

"In all cases enumerated in the preceding section all laws shall be general and of uniform operation throughout the State, but in all cases not enumerated or excepted in that section, the Legislature may pass special or local laws except as now or hereafter otherwise provided in the Constitution; Provided, that no local or special bill shall be passed, unless notice of the intention to apply therefor shall have been published in the locality where the matter or thing to be affected may be situated, which notice shall state the substance of the contemplated law, and shall be published at least thirty days prior to the introduction into the Legislature of such a bill, and in the manner to be provided by law. The evidence that such notice has been published shall be established in the Legislature before such bill shall be passed by having affidavit of proof of publication attached to the proposed bill when the same is introduced in either branch of the Legislature, and which such affidavit constituting proof of publication shall be entered in full upon the journals of the Senate and of the House of

Representatives, which entries shall immediately follow the journal entry showing the introduction of the bill;"

There is no contention that the latter provision was complied with.

Chapter 15049, Acts of 1931, Sec. 1029 (7) Permanent Supplement C. G. L. provides:

"The county assessors of taxes in the several counties in this state having a population between eight thousand five hundred and nine thousand two hundred fifty, according to the last preceding State or Federal census, whichever may be the later, shall be entitled to receive commissions for assessing special taxes and special tax district taxes at the rate of one and one-half per cent. upon the amount of such taxes assessed subject to the same limitations and deductions as commissions are allowed and paid for assessing the general county taxes, but such commission shall be payable only from the special taxes or special tax district taxes collected, the same to be audited and allowed by the board of county commissioners or the governing or administrative board or commission of such districts, as the case may be. The State Comptroller and the State Auditor are hereby required to allow said commissions in making their respective audits of the public officials of such counties."

Chapter 15793, Acts of 1931, Sec. 1029(8) Permanent Supplement C. G. L., provides:

"The county assessors of taxes in the several counties of the State having a population between six thousand eight hundred and seven thousand two hundred fifty, according to the last preceding State or Federal census, whichever may be the later, shall be entitled to receive commissions for assessing special taxes and special tax district taxes at the rate of one and one-half per cent. upon the amount of

such taxes assessed subject to the same limitations and deductions as commissions are allowed and paid for assessing the general county taxes, but such commission shall be payable only from the special taxes or special tax district taxes collected, the same to be audited and allowed by the board of county commissioners or the governing or administrative board or commission of such districts, as the case may be."

Neither of said enactments last above quoted may be regarded as a general law because there exists no reasonable basis for the classification by population as is contained in either of the Acts. See Thursby v. State, 103 Fla. 527, 137 Sou. 689; 100 Fla. 494, 129 Sou. 747; Knight v. Board of Public Instruction, 102 Fla. 922, 136 Sou. 631; Pierce v. State, 102 Fla. 1032, 136 Sou. 689; State v. O'Neal, 100 Fla. 1277, 131 Sou. 165.

It follows that the two legislative Acts were local Acts, regulating the fees of county officers and as the provisions of Section 21, Article III of the Constitution were in nowise complied with, both Acts are void.

The judgment is affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN, and DAVIS, J. J., concur in the opinion and judgment.