W. N. CROOKS, as Chairman, H. G. STANTON, J. K. WALKER, E. G. GUSTAFSEN and J. L. HOEFLICH, as and Constituting the Board of County Commissioners of Fort Pierce Port District, *et al.,* v. STATE *ex rel.* E. R. PIERCE, as Tax Assessor of St. Lucie County.

194 So. 237

Opinion Filed January 16, 1940

Rehearing Denied March 9, 1940

598

*Liddon & Fee,* for Plaintiffs in Error;

*B. K. Roberts* and *D. C. Smith,* for Defendant in Error.

CHAPMAN, J.—On the 6th day of May, 1939, an alternative writ of mandamus issued out of the Circuit Court

of St. Lucie County, Florida, on a petition in the name of the State of Florida, upon the relation of E. R. Pierce, as Tax Assessor of St. Lucie County, Florida, against the Board of Commissioners of the Fort Pierce Port District, the respondents. The parties in this opinion will be referred to as relator and respondents as they appeared in the lower court.

The alternative writ recited that the relator assessed taxes for the Fort Pierce Port District for the year 1936 and under Chapter 17876, Acts of 1937, Laws of Florida, was entitled to a commission therefor in the sum of $1,805.35; that he assessed taxes for the Port District for the year 1938 in the total sum of $91,545.84; that Section 1031 C. G. L. makes it the duty of the County Commissioners of St. Lucie County to pay relator on the 1st of each month during the year 1939 the sum of $122.06; that relator has received the sum of $290.00 from the district for the year 1939, leaving a balance due him in the sum of $320.30. The alternative writ prayed for an order requiring the payment to the relator the sum of $1,805.35 for commissions due for the year 1936, and the sum of $320.30 as balance due for 1939, and the total amount claimed by relator as a balance due was computed under Chapter 17876, *supra.*

On motion to quash the alternative writ it was contended: (a) that Chapter 17876, Acts of 1937, Laws of Florida, did not control compensation for the assessment of taxes for the year 1936, (b) there is no controlling provision of law regulating the commissions of the relator for the year 1936. These and other grounds appear in the motion to quash, which was overruled and denied by the lower court.

An answer or return was filed by the respondents to the alternative writ in which it was denied that relator was

entitled to compensation for assessment of taxes for the year 1936 and payable out of the money of the district. The answer showed that the relator's commissions were controlled by Chapter 18538, Special Acts of 1937, Laws of Florida, and the amount thereof was $50.00 per month, beginning with the year 1937, and the relator had been fully compensated; that paragraph three of the alternative writ recites that Chapter 17876, Laws of Florida, Acts of 1937, was approved by the House of Representatives by a vote of 79 for the passage and 3 opposed, while 21 Senators voted for its passage and 11 voted against it, and 37 Senators were present at the time it was passed.

Counsel for the respective parties entered into, filed, and made a part of the record a stipulation of facts, viz.:

"It is hereby stipulated and agreed by and between counsel for the respective parties hereto as follows:

"1. That the allegations contained in paragraph number 3 of the alternative writ with regard to the number of representatives and senators present and their vote on Senate Bill number 333 are true and correct.

"2. That the Fort Pierce Port District has heretofore collected from taxes levied for said District for the year 1936 in excess of the sum of Fifty-five Thousand ($55,000.00) Dollars for Interest and Sinking Fund purposes and in excess of the sum of Three Thousand ($3,000.00) Dollars for maintenance purposes.

"3. That there are no funds on hand in the treasury of said District at this time that were derived from the 1936 tax levy and that said funds which were derived from the 1936 tax levy have been used by said District prior to the institution of this suit for the purposes for which they were levied, to-wit: payment of principal and interest on the

Districts' bonded indebtedness and for maintenance operations of the District.

"4. That the respondent did not contemplate and did not include any tax assessor's commissions in their tax levy for the year 1936 and have not considered same in any subsequent levy.

"5. That there is now on hand in the treasury of the Fort Pierce Port District in their Interest and Sinking Fund account Twenty Thousand Two Hundred Eighty-nine Dollars and eighty-eight cents ($20,289.88) and in the Maintenance account Seven Hundred Thirty-five Dollars and sixty-eight cents ($735.68), which was collected on taxes assessed subsequent to the year 1936 for the payment of interest on Refunding Bonds issued by said District and which said sum of money now on hand is insufficient to meet the total of said interest due July 1st, 1939 on said Refunding Bonds and for maintenance operations of said District, for which said sums were levied.

"6. That the relator as tax assessor of St. Lucie County was paid One Thousand ($1,000.00) Dollars by the Fort Pierce Port District as payment in full for services rendered by the relator in assessing taxes for said District for the years 1929 to 1936, inclusive, said payment being made by said District pursuant to Chapter 18538, Laws of Florida, Acts of 1927, and that said payment was made on the 11th day of June, 1937, and was made with funds received by said District from special levies made prior to 1936.

"It is understood and agreed that the respondents insist that their answer filed in this cause is sufficient as a matter of law and that the taking of testimony or the stipulating as to the facts is unnecessary by reason thereof, and this stipulation is made for the purpose of expediting the final determination of this cause in the event the court is of the

opinion that any testimony is 'necessary. And these respondents object to the introduction of any testimony or stipulation as to the facts upon the sole ground that the same should not be required by the court."

On June 9, 1939, the lower court granted a peremptory writ of mandamus, and a writ of error was obtained, transcript perfected and the case is here for review.

The first question for decision is whether or not the Tax Assessor of St. Lucie County is entitled to compensation for services rendered in assessing taxes for the year 1936 under Chapter 17876, Acts of 1937, Laws of Florida. It will be observed that the Act is applicable to the several counties of Florida, or is a general law. It became a law without the approval of the Governor of Florida and was filed in the office of Secretary of State on June 14, 1937.

Section 1 of Chapter 17876, *supra,* provides that "the Tax Assessors of the several counties of the State of Florida shall be entitled to receive upon the amount of all taxes assessed * * * the following commissions on and including:" (a) county; (b) special school district; (c) and all other tax district taxes, general or special, that are provided by law to be assessed by the tax assessors of the several counties, viz.: On the first $5,000 a commission of 10% ; on the next $5,000, a commission of 5% ; on the balance collected a commission of 2%.

Sections 3 and 4, *supra,* are, viz.:

"Section 3. This Act shall take effect upon its passage and approval or upon its becoming a law without approval and shall control and determine compensation to be received by county assessors of taxes and by the county tax collectors respectively for official duties performed in assessing taxes to provide revenue for the county fiscal year

ending September 30th, A. D. Nineteen Hundred Thirty-seven and all subsequent years.

"Section 4. All laws and parts of laws in conflict with the provisions of this Act are hereby repealed.

"Became a law without the Governor's approval.

"Filed in Office Secretary of State June 14, 1937."

Section 2305 C. G. L. provides that the fiscal year of each county of the State of Florida shall commence on the first day of October and end on the 30th day of September of each year. While the fiscal year 1936-'37 ended on the 30th day of September, 1937, as applies to the different counties of Florida, Chapter 17876 became a law and controlled the amount of compensation of the relator as tax assessor. It was the assessments as made by the tax assessor during the year 1936 that provided the revenue for the fiscal year ending September 30, 1937.

It is next contended that Chapter 17876, *supra*, is retroactive legislation and void. When the intention of the Legislature is determined from the four corners of the Act, it is inescapable that a change in the amount of compensation of the tax assessors of the different counties of Florida was uppermost in the minds of the Legislators. The area comprising Fort Pierce Port District is co-extensive, as disclosed from the record, with St. Lucie County. The compensation of county officers by the Constitution is required to be regular and uniform throughout the State. The Act, *supra*, regulates the compensation for the Tax Assessor of St. Lucie County when doing extra work for the Port District, and the compensation so provided is regular and uniform in the different counties of Florida. The Act became a law prior to September 30, 1937, and provides fully for his labor though performed, in part, prior to the closing of the fiscal year in September, 1937. Retroactive and

retrospective legislation are not forbidden by the State or Federal Constitutions. See Board of Com'rs. of Everglades Drainage Dist. v. Forbes Pioneer Boat Line, 80 Fla. 252, 86 So. 199; Anderson v. Ocala, 83 Fla. 344, 91 So. 182.

It is next contended that Chapter 17876, *supra,* violates Section 11 of Article XVI of the Constitution of Florida. We have carefully examined the authorities cited by counsel to sustain this view, but we are unable to follow the authorities cited. It appears that the construction or interpretation placed on Section 11 of Article XVI of the Constitution by this Court in the case of Amos v. Matthews, 99 Fla. 1, 65, 115, 126 So. 308, should control. There is no extra compensation provided for by the Act, or the payment of any existing claims, but a change by the Act of compensation of the tax assessors of the different counties of Florida. The assignment is without merit.

It is contended by counsel that if Chapter 17876, *supra,* is given a prospective construction applicable to compensation for tax assessors beginning with the year 1937, then there is a clear field of operation likewise for Chapter 18538, Special Acts of 1937, Laws of Florida. The record shows that Chapter 18538, *supra,* was enacted by the 1937 Legislature some few years prior to the enactment of Chapter 17876, which is a general law.

The title of Chapter 17876, *supra,* provides:

"An Act Designating and Fixing Compensation for the Tax Assessors and Tax Collectors of the several counties of the State of Florida, Designating Who Shall Pay Such Compensation and the Funds from Which Payment Shall Be Made, and Providing the Basis of Commissions on the Assessments and Collections Made, *and Repealing All Acts to the Contrary.*" (Emphasis ours.)

Section 4 of said chapter provides that "All laws and

parts of laws in conflict with the provisions of this Act are hereby repealed." Also the Act fixes the compensation for tax assessors of the several counties of Florida on the assessment of taxes for the county, special school districts, and all other district taxes, general or special, that are provided by law to be assessed by the tax assessors of the several counties of Florida. Chapter 17876 is the latest expression of the Legislature in this field of legislation.

Special Act 18538 empowers the Board of Commissioners of St. Lucie County to compensate the Tax Assessor of St. Lucie County for assessing property situated in Fort Pierce Port District, a special taxing district located within St. Lucie County. The Act fixes the compensation for the years 1929 to 1936; inclusive, and regulates his compensation at the sum of $50.00 per month for services rendered in assessing taxes for the Port District. It is not necessary for a decision of the case at bar to decide the question of whether or not Chapter 18538 violates Sections 20 and 21 of Article III of the Constitution of Florida, as the case can be decided on other grounds. See State *ex rel.* Pierce v. Gustafson, 127 Fla. 741, 174 So. 12.

It appears that the Legislature intended by the enactment of Chapter 17876, *supra,* a general revision of the compensation of tax assessors of the different counties of Florida, and at the same time define their duties and services, and in the same Act clearly set forth the taxing units of the counties where they are required to render services. The Acts are repugnant and irreconcilable in many important details and it is clear that the Legislature intended to repeal all laws and parts of laws in conflict with or repugnant to Chapter 17876, and in so doing repealed Chapter 18538, Special Acts of 1937, Laws of Florida. See State *ex rel.* First Sav. & Tr. Co. of Tampa v. Sholtz, 125 Fla. 361,

169 So. 849; Langston v. Lundsford, 122 Fla. 813, 165 So. 898; Sanders v. Howell, 73 Fla. 563, 74 So. 802; State v. Sanders, 79 Fla. 835, 85 So. 333; Stewart v. DeLand-Lake Helen S. R. & B. Dist., 71 Fla. 158, 71 So. 42; State v. Southern Land & Timber Co., 45 Fla. 374, 33 So. 999.

We fail to find error in the record and the judgment appealed from is hereby affirmed.

TERRELL, C. J., WHITFIELD, BROWN and THOMAS, J. J., concur.

Justice BUFORD not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.