STATE OF FLORIDA, ex rel. F. E. BAYLESS, as Chairman of the State Road Department of Florida, v. J. M. LEE, as Comptroller of State of Florida.

23 So. (2nd) 575

October 26, 1945

June Term, 1945

En Banc

R. W. Ervin, Calvin Johnson and J. R. McClure, for relator.

J. Tom Watson, Attorney General, Fred M. Burns and T. Paine Kelly, Assistant Attorneys General, for respondent.

PER CURIAM:

The relator, F. E. Bayless, has filed his petition in mandamus praying for the issuance of a writ to require the comptroller of Florida to draw his warrant in favor of relator for certain salaries alleged to be due the relator under the law. The comptroller resists the issuance of the writ on the ground that the facts alleged in the petition are insufficient to entitle the relator to the relief sought.

By the allegations of the petition it is made to appear that on January 2, 1945, the relator was a duly appointed and commissioned member of the State Road Department of Florida. On said date the members of the Road Department selected the relator as chairman of said Department, to serve for the term of one year from January 2, 1945. Section 341.03 Florida Statutes 1941 provided that, "The member elected as chairman of said department shall, from the date of qualifying as such chairman, be allowed and paid a salary of six

thousand dollars per annum, . . . " At the 1945 session of the legislature, chapter 22859, Laws of Florida, 1945, was adopted, and became effective on June 11, 1945. This act amended section 341.03, supra, by substituting in lieu of the words quoted above, the words: "The members elected as chairman of said Department shall, from the date of qualifying as such chairman, be allowed and paid a salary of eight thousand dollars per annum, . . . "

From January 2, 1945, until June 11, 1945, monthly salary warrants were issued by the comptroller to the relator based upon an annual salary pay rate of $6000 per annum. Beginning with June 11, 1945, the comptroller has issued his monthly salary warrants to relator based upon the amended pay rate of $8000 per annum. The relator contends that because of the wording of the amending statute to the effect that the chairman of the department shall be allowed and paid a salary of $8000 per annum "from the date of qualifying as such chairman" he is entitled to receive an annual salary of $8000 per annum beginning as of January 2, 1945, and not as of June 11, 1945, the date upon which chapter 22859, supra, became law.

We do not think that the contention is sound. Although retroactive legislation is not in terms forbidden by the State or Federal constitutions, Crooks et al. v. State ex rel. Pierce, 141 Fla. 597, 194 So. 237, a statute will not be given a retrospective effect unless its terms show clearly that such was the effect intended by the legislature. In re Seven Barrels of Wine, 79 Fla. 1, 83 So. 627; 50 Am. Jur. 494, Sec. 478. There is nothing in the amending statute before us to suggest, even remotely, that the legislature intended anything other than that the statute should have a prospective operation. Except for the substitution of the words "members" for "member" and eight thousand dollars" for "six thousand dollars," section 1 of chapter 22859, supra, follows the exact language of section 341.03, supra, which it amends.

The meaning of the amending statute is clear, we think, that the chairman of the State Road Department is entitled to receive a salary at the rate of $8000 per annum on and

after the effective date of the act, and not prior to that time. We find nothing in Crooks et al. v. State ex rel. Pierce, 141 Fla. 597, 194 So. 237, to bring us to a different conclusion.

It follows from what has been said, that the facts upon which relator relies for the issuance of a writ in mandamus are insufficient to entitle him to the relief sought. The issuance of the alternative writ is therefore denied.

It is so ordered.

CHAPMAN, C. J., TERRELL, BROWN, BUFORD, THOMAS, ADAMS and SEBRING, JJ., concur.