The request for relief is therefore denied.

### ORR, et ux v. ATTORNEY GENERAL (No. 2).
No. 68-1215.

Circuit Court, Leon County.

August 6, 1969.

Lawrence J. Robinson of Cramer, Robinson, Ginsburgh & Ross, Sarasota, for plaintiffs.

T. T. Turnbull and N. Sanders Sauls, Assistant Attorneys General, for defendant.

GUYTE P. McCORD, Jr., Circuit Judge.

*Summary final declaratory judgment:* This cause came on for hearing on plaintiffs' motion for summary judgment. Upon consideration of said motion and the arguments of counsel, the court finds that the pleadings and affidavits filed in support thereof show there is no genuine issue as to any material fact and plaintiffs are entitled to summary judgment as a matter of law.

This is a suit for declaratory judgment, the essential question presented being whether or not Mary J. Orr, supervisor of elections of Sarasota County, has the authority to continue the employment of her husband, Ernest W. Orr, as deputy supervisor of elections of Sarasota County. Ernest Orr was appointed by Mary Orr to such office pursuant to §98.271, Florida Statutes, prior to the enactment of chapter 67-2066, Laws of Florida, and he has held such office continuously since that time. Chapter 67-2066 became law on August 4, 1967. It is a local or special law applying only to Sarasota County. The pertinent portion thereof, section 3, subsection (7), states in part as follows —

> Section 3. Every public official of Sarasota County, including every public official of all municipalities, agencies and districts therein, shall adhere to the following standards of ethical conduct while holding office:
>
> (1) \*\*\*
>
> (2) \*\*\*
>
> (3) \*\*\*
>
> (4) \*\*\*
>
> (5) \*\*\*
>
> (6) \*\*\*
>
> (7) He shall not appoint or cause to be appointed to public office of Sarasota County, including its municipalities, agencies and districts, his father, mother, spouse, brother, sister, or lineal descendants of the same or any similar member of his spouse's family; provided however, any such person who holds public office on the effective date of this act, shall be entitled to continue said employment until January 1, 1969. Provided further that the employer of such employed person shall file a statement of the employee's position, length of employment, and the

compensation received by the employee, with the Clerk of the Circuit Court for all such employees other than for City employees. Employees of municipalities shall file such a statement with the City Clerk of the City of employment. If any such employee receives a raise in compensation after the filing as required above, then a revised statement shall be filed with the appropriate official as prescribed above. All filing required by this subsection shall be made within thirty days after this act becomes a law. Any subsequent revisions shall be filed within fifteen days after the increase in compensation is made.

Plaintiffs contend that said law is unconstitutional because it violates sections 20 and 21 of article III of the constitution of 1885, which was in effect at the time of the enactment of the questioned statute (although the 1968 amended constitution is now in effect). The pertinent portions of sections 20 and 21 are as follows —

> Section 20. *Special and private laws, when prohibited.* — The Legislature shall not pass special or local laws in any of the following enumerated cases: that is to say, regulating the jurisdiction and duties of any class of officers, except municipal officers, . . .

> Section 21. *General laws on certain subjects; general and uniform operation; notice of intention to apply for local legislation.* — In all cases enumerated in the preceding section, all laws shall be general and of uniform operation throughout the state, . . .

As has been stated by the Supreme Court of Florida on numerous occasions —

> "It is not permissible for the legislature to single out the officers of one county and under the guise of population or on any other basis of classification impose conditions on them different in effect and operation from others similarly situated throughout the state." State v. Gray, 133 Fla. 23, 182 So. 620; Shelton v. Reeder, Fla. 121 So.2d 145. See also Thursby v. State, 103 Fla. 527, 137 So. 689; Knight v. Board of Public Instruction, 102 Fla. 922, 136 So. 631; Pierce v. State, 102 Fla. 1032, 136 So. 689; State, ex rel. Himes v. Culbreath, 128 Fla. 210, 174 So. 422.

Chapter 67-2066 is a special act applying only to Sarasota County rather than a population act. The same prohibition applies to both and no attempt has been made to justify the provision here in question on the basis of classification. In fact, no classification was attempted in the act itself.

It was assumed rather than argued by the parties that the constitution of 1885 would control the question here raised as to chapter 67-2066 rather than the constitution as amended in 1968, which became effective in 1969. The court is of the opinion that such assumption is correct, but it is of the further opinion that the same

result would obtain as to said question under article III, section 11, subsection (a) of the amended constitution.

In consideration thereof, it is ordered and adjudged that subsection (7) of section 3 of chapter 67-2066, Laws of Florida, be and it is held to be unconstitutional and void insofar as said subsection relates to the supervisor of elections of Sarasota County, and said officer is under no duty by virtue of said subsection to terminate the employment of Ernest W. Orr as deputy supervisor of elections of said county.