QUESTION: Should a school board which, in reliance upon an invalid statute, levies a millage in excess of ten mills pay the tax assessor's and collector's commissions on unauthorized taxes it is allowed to keep when the Supreme Court determines that the school board is not required to refund the unconstitutional levy, or should the board of county commissioners be required to pay these commissions from general revenue of the county?
SUMMARY: A nonvoted school millage enacted in reliance on Ch. 71263, Laws of Florida, is subject to the provisions of former s.192.091, F.S., requiring payment of commissions for the tax assessors and tax collectors on nonvoted school millage to be paid by the county commissioners where former s. 192.091 was still effective at the time the liability for commissions accrued, and, therefore, any commissions of the tax assessor or tax collector were properly payable by the county commissioners. It is my opinion that the board of county commissioners should be required to pay the assessor's and collector's commissions. In Tornillo v. Dade County, 458 F.2d 194 (5th Cir. 1972), the court struck the freeholder provision of Art. VII, s. 9, State Const., which restricted the right to vote on increase of ad valorem taxes for freeholders. However, the case reversed the lower court decision that the freeholder provision was not severable and reinstated the requirement of a vote on increases of ad valorem taxes in excess of the ten-mill limit. In reliance on Ch. 71-263, Laws of Florida, enacted by the legislature between the court decisions, the Hillsborough County School Board levied a nonvoted millage in excess of ten mills. Although this millage levy was unconstitutional, the Florida Supreme Court in Gulesian v. Dade County School Board, 281 So.2d 325 (Fla. 1973), determined that the school board would not be required to refund the unauthorized tax. The school board has paid the commissions, but, as your letter indicates, has recently concluded that since the millage was nonvoted, the commissions should have been paid by the county commissioners. Section 192.091, F.S., states that "the commissions of the nonvoted school millage shall be paid by the county commissioners." This statute clearly and unambiguously provides for payment of the collector's commissions by the county if the school tax is nonvoted. Okaloosa County v. Okaloosa County School Board, 250 So.2d 295 (Fla. 1971); cf. AGO's 070-95 and 071-353. Although the millage levied by the school board was found to be unconstitutional, it was a nonvoted school millage, and, consequently, the clear meaning of the statute requires the county commissioners to pay the tax assessor's and collector's commissions. It should be noted that the provisions of s.192.091(1) and (4), F.S., which apply to assessors' commissions, were repealed and amended by Ch. 73-172, Laws of Florida. Section192.091(2), F.S., which is applicable to collectors' commissions, remains valid. However, pursuant to Ch. 73-172, Laws of Florida [s. 145.121(1), F.S.], the commissions of both assessors and collectors are no longer paid to the individual, but to the office. Since the millage in question was levied and liability for the assessor's commissions accrued before the effective date of Ch. 73-172, Laws of Florida, s. 192.091 should govern your specific question both as to the assessor's and collector's commissions. See AGO's 070-95 and 071- 353.