QUESTION: Should property appraisers' commissions earned in 1970 and due and payable under court order for the 1970 tax year be distributed pursuant to s. 145.12(4), F. S. 1969, or should they be distributed under s. 218.36(2), F. S. (1974 Supp.), which was in effect when the commissions were actually paid to the property appraiser?
SUMMARY: Property appraisers' excess commissions earned in 1970 and due and payable under court order for the 1970 tax year but not actually paid over to him until 1974 should be distributed pursuant to s. 145.12(4), F. S. 1969, in effect at the time such commissions accrued and became earned and due and payable. I assume that the taxes for the 1970 tax year for assessment of which the commissions are due were actually levied, collected, and received by the school board, as the litigation to which you refer was between the school board of Palm Beach County and the property appraiser. School Board of Palm Beach County v. Reid,304 So.2d 155 (4 D.C.A. Fla., 1974). You have informed me that the entire amount awarded pursuant to judgment in that case represented commissions due for the period January 1 through June 30, 1970. You have further informed me that the appraiser had received the maximum salary amount possible for that period prior to entry of this judgment and that the judgment pertains only to excess commissions or office funds. Therefore, the purpose of your question is only to seek guidance as to the proper distribution of those excess moneys. The subject excess commissions should in my opinion be distributed under the provisions of s. 145.12(4), F. S. 1969, in effect at the time the commissions accrued and became earned and due. It should be pointed out that since the subject commissions represent commissions for only the first half of the tax year 1970, no issue is raised as to the change in the method of billing of appraisers' commissions (i.e. billing the county rather than the school board) which occurred during 1970. In the case of Saint Lucie County v. Nobles, 5 So.2d 855 (Fla. 1942), rehearing denied, the Florida Supreme Court affirmed the lower court order which read in pertinent part: . . . [T]he Court is of the opinion that . . . the Tax Collector's commission for taxes collected by him in the year 1936, but which commissions were not actually received by said Tax Collector from the various bodies for which he collected said taxes until sometime during 1937, should be charged against said Tax Collector's income for the year 1936 rather than against said Tax Collector's income for the year 1937.
The tax collector's 1936 income was accordingly charged against the commissions earned that year but received the following year. It would seem reasonable to conclude, in the absence of specific contrary legislative provision, that any moneys received at a later time after being "earned" during a previous fiscal period should be treated according to the law and related facts existent as of the time earned. These moneys were earned and due in 1970. Under the law in effect at that time, there would exist an accrued obligation whereby these moneys were committed to the school district and the county general fund in their respective proportionate shares. The fact that the Legislature passed a law [s. 218.36(2), F. S.] in 1974 which changed the distribution procedure should, under these circumstances, have no effect upon the later disbursement of funds earned during a prior period. Accord: Attorney General Opinions 074-188 and 071-353, citing Okaloosa County v. Okaloosa County School Board, 250 So.2d 295 (1 D.C.A. Fla., 1971). This is particularly true in light of the commonly accepted rule of construction that legislation will not be applied retroactively unless such intent is clearly stated in the law. State ex rel. Bayless v. Lee, 23 So.2d 575, 576 (Fla. 1945). No such intent as to retrospective effect appears from the terms of s. 218.36(2), F. S. Cf. Crooks v. State ex rel. Pierce,194 So. 237, 240 (Fla. 1940); rehearing denied (Fla. 1940). It is therefore my opinion that the money should be distributed in accordance with s. 145.12(4), supra, which was in effect in 1970. The distribution should be calculated as if these commissions had been paid when due in 1970. This may possibly require a complete recomputation of all 1970 distributions of excess commissions or office funds.