Mr. John G. Hubbard City Attorney City of Dunedin Post Office Box 1178 Dunedin, Florida 34698-1178
Dear Ms. Hubbard:
You ask on behalf of the City Commission of the City of Dunedin substantially the following question:
Do amendments to s. 421.05(1), F.S., requiring a resident commissioner with specific qualifications on a housing authority, retrospectively apply to an authority established prior to the passage of the amendments?
In sum, I am of the following opinion:
Section 421.05(1), F.S., as amended by Chs. 84-250 and 89-33, Laws of Florida, applies prospectively to require that at least one resident commissioner be appointed to the authority at the time a vacancy exists.
You state that the City of Dunedin Housing Authority was established by resolution of the city commission in 1966. The present issue arises prospectively to require that at least one resident commissioner be appointed to the authority at the time a vacancy exists.
You state that the City of Dunedin Housing Authority was established by resolution of the city commission in 1966. The present issue arises in light of AGO 84-56, which concluded, in the absence of a clear expression of legislative intent, that an amendment to Ch. 421, F.S.,[1] providing for a minimum number of commissioners on an authority, did not retrospectively apply to allow the number of commissioners to be increased beyond that which was provided in the statute at the time the authority was created.
In AGO 84-56, a housing authority created prior to October 1, 1980, consisted of five commissioners. As a result of the amendment to s. 421.05, F.S., by s. 1, Ch. 80-357, Laws of Florida providing for the appointment of "no fewer than five persons" as housing authority commissioners, it was proposed to increase the number of commissioners to seven. This office found no notice in the title of the amendatory legislation, nor legislative intent in the statute's language, which indicated it was to have retrospective application. Accordingly, the opinion concluded that the statutory amendment did not authorize increasing the number of commissioners.
In an Informal Opinion to Mr. James F. Lang,[2] this office reiterated that the amendment of Ch. 421, F.S., by s. 1, Ch. 80-357, Laws of Florida, did not apply retroactively to empower the governing body to increase the number of commissioners on a housing authority. The opinion noted that s. 421.05(1), F.S., as amended by s. 1, Ch. 80-357, Laws of Florida, contains no indication that it to apply retrospectively. Additionally, the opinion found that the statute's language shows that the ability to appoint commissioners is limited to the time immediately following the adoption of the resolution finding a need for housing authority. It was concluded that s. 421.05, F.S., by its terms, applies only to the time when the governing body passes the enabling resolution.
Section 1, Ch. 84-250, Laws of Florida, amended s. 421.05(1), F.S., to require that housing authorities created pursuant to the act have at least one commissioner who is a resident of an authority housing project or receiving rent subsidization. The legislation further specified that the resident commissioner "shall be appointed at the time a vacancy exists." Section 421.05(1), F.S., was amended again in 1989[3] to allow resident commissioners to be selected from low-income persons residing within the housing authority's jurisdiction, and if reasonable efforts fail in locating an eligible resident commissioner, to make an appointment using the normal procedures contained in the act.
When the Legislature intends a statute to be retrospectively applied, the title must contain notice of this intent.[4] It is also well-settled that a statute will not be construed retrospectively unless its terms clearly show that the Legislature intended that result. Rather, it is presumed that a legislative act operates prospectively only, unless there is a clear showing of retrospective intent.[5]
In the present situation, however, s. 421.05(1), F.S., as amended by Ch. 84-250, Laws of Florida, applies prospectively requires the appointment of a resident commissioner to the housing authority at the time when a vacancy exists. This is unlike the circumstances in AGO 84-56 where retrospective application would have allowed the mayor and governing body to rekindle appointive powers which had already been exercised at the time specified in s. 421.05, F.S. The appointment of a resident commissioner at the time there is a vacancy, as contemplated by s. 1, Ch. 84-250, Laws of Florida, merely qualifies the ongoing reappointive power to fill vacancies which occur on the authority.
Accordingly, the requirement of at least one resident commissioner on a housing authority created pursuant to Ch. 421, F.S., would apply to those authorities created prior to the effective date of Ch. 84-250, Laws of Florida.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tls
[1] Section 1, Ch. 80-357, Laws of Florida, effective October 1, 1980, amended s. 421.05(1), F.S. (1979), providing "[w]hen the governing body of a city adopts a resolution as aforesaid, the mayor with the approval of the governing body shall promptly appoint no less than five persons as commissioners of the authority created for said city." Previously, s. 421.05, F.S., directed the mayor to appoint five persons.
[2] Informal Opinion to Mr. James F. Lang of June 22, 1988.
[3] Chapter 89-33, Laws of Florida.
[4] See, 49 Fla. Jur.2d Statutes, s. 106; State Department of Transportation v. Knowles, 402 So.2d 1155 (Fla. 1981); Chiapetta v. Jordan, 16 So.2d 641 (Fla. 1944).
[5] See, e.g., State ex. rel. Bayless v. Lee, 23 So.2d 575 (Fla. 1945); Trustees of Tufts College v. Triple R. Ranch, Inc.,275 So.2d 521 (Fla. 1973); Seddon v. Harpster, 403 So.2d 409 (Fla. 1981). And see, generally, 82 C.J.S. Statutes s. 414.