Lewis W. Fishman General Counsel Lower Florida Keys Hospital District
QUESTION:
1. Is the Lower Florida Keys Hospital District required to remit to the Monroe County Property Appraiser's Office payment in accordance with the property appraiser's budget pursuant to s.192.091, F.S., inasmuch as the Lower Florida Keys Hospital District has timely voted, through its board of commissioners, to levy no taxes for the 1991-1992 tax year?
2. If the answer to Question One is in the negative, is the Monroe County Property Appraiser entitled to make up the subsequent deficiency in its budget from among the other entities in Monroe County to whom the property appraiser rendered services?
SUMMARY:
1. Pursuant to s. 192.091, F.S., the Lower Florida Keys Hospital District is required to remit to the Monroe County Property Appraiser's Office payment for the services rendered by that office without regard to whether the district levies any taxes for the 1991-1992 tax year.
2. No response to this question is required.
The Lower Florida Keys Hospital District was created and incorporated as a special taxing district in Monroe County be Ch. 67-1724, Laws of Florida.[1] Pursuant to its enabling legislation, the governing board of the district is "authorized and directed annually to levy upon taxable real property only within the district, not exempt by law, a sufficient tax necessary for the purposes and needs of the district incurred in the exercise of the powers and purposes herein granted."[2]
The act requires that:
 It shall be the mandatory duty of the county commissioners of Monroe County to order and require the county tax assessor of the county to assess, and the county tax collector of the county to collect the amount of taxes so assessed or levied by the board of the district upon the taxable property in the district, not exempt by law, at the rate of taxation adopted by the board of the district for the year and included in the warrant of the tax assessor and attached to the assessment roll of taxes for said county each year.[3]
The board is authorized to pay the necessary expenses of these officers for the assessment and collection of taxes on a "reasonable fee basis."[4]
According to your letter, the Board of Commissioners of the Lower Florida Keys Hospital District has determined that it is not necessary to collect taxes from the residents within the district for the 1991-1992 tax year. The board has voted accordingly and passed a zero milage rate.
Pursuant to s. 192.011, F.S., the property appraiser (formerly the tax assessor) is required to assess "all property located within his county . . . whether such property is taxable, wholly or partially exempt, or subject to classification reflection a value less than its just value at its present highest and best use." As provided in s. 192.091(1)(a), F.S.:
The budget of the property appraiser's office, as approved by the Department of Revenue, shall be the basis upon which the several tax authorities of each county . . . shall be billed by the property appraiser for services rendered. Each such taxing authority shall be billed an amount that bears the same proportion to the total amount of the budget as its share of ad valorem taxes bore to the total levied for the preceding year.[5]
Payments are required to be made quarterly by the taxing authority and the property appraiser must notify the various taxing authorities of this estimated budget requirements and billings when his budget request is submitted to the Department of Revenue and when he receives final approval of his budget by the department.[6]
Thus, the payments for which the Lower Florida Keys Hospital District is liable represent a bill for services rendered by the property appraiser in assessing the district's property and are based on the ad valorem taxes levied by the district for the previous year.[7] Nothing in the statutes relieves the district of its obligation to pay the property appraiser for his or her services based on the district's decision that it is unnecessary to levy any taxes for the upcoming tax year. On the contrary, the statute mandates such payment.[8]
Since a taxing authority is billed by the property appraiser based on "an amount that bears the same proportion to the total amount of the budget as its share of ad valorem taxes bore to the total levied for the preceding year[,]" the district's determination to levy a zero millage will be reflected in the budget of the property appraiser's office and the bills received by the district during the 1992-1993 tax year.
Accordingly, it is my opinion that the Lower Florida Keys Hospital District is required by s. 192.091(1)(b), F.S., to remit payments to the property appraiser for services rendered during the 1991-1992 tax year. The statutes mandate this payment regardless of the district's determination that no taxes shall be levied for the district during this year.[9]
[1] Section 1, Ch. 67-1724. Chapter 67-1724, Laws of Florida has been amended by Chs. 69-1322, 72-617, 73-555, 73-558, 75-450, 77-600, 77-603, 78-565, 79-511, 82-414, and 89-551, Laws of Florida.
[2] Section 6, Ch. 69-1322, Laws of Florida, amending s. 28, Ch. 67-1724, Laws of Florida. This section limits the annual rate of taxation to not more than "two (2) mills on the dollar of the county assessed valuation of the property within the district for tax purposes.
[3] Section 6, Ch. 69-1322, Laws of Florida, amending s. 29, Ch. 67-1724, Laws of Florida.
[4] Id. But see, AGO 89-48, concluding that a special law which relates to the compensation or commission which a property appraiser is to receive for services rendered would be repealed to the extent the law conflicts with Ch. 73-172, Laws of Florida, including s. 192.091(1), F.S.
[5] And see, s. 192.091(2), F.S., as amended by s. 1, Ch. 91-295, Laws of Florida, which provides the amount of commission a property appraiser is entitled to receive.
[6] Section 192.091(1)(b), F.S.
[7] See, Crooks v. State, 194 So. 237 (Fla. 1940) (tax assessor was entitled to compensation for services rendered in assessing taxes for 1936 under the 1937 act concerning commissions to be paid county tax assessors upon amount of taxes assessed, notwithstanding that fiscal year 1936037 ended September 30, 1937, since it was the assessments as made by assessor during 1936 that provided revenues for fiscal year ending September 30, 1937.)
[8] See, Drury v. Harding, 461 So.2d 104 (Fla. 1984); Holloway v. State, 342 So.2d 966 (Fla. 1977) and Neal v. Bryant,149 So.2d 529 (Fla. 1962), for the proposition that the word "shall" is normally used in a statute to connote a mandatory requirement. And see, Thayer v. State, 335 So.2d 815, 817
(Fla. 1976) (it is the rule that a legislative direction as to how a thing shall be done is, in effect, a prohibition against its being done in any other way).
[9] Based on your relation of the facts in this case, I assume that the property appraiser is not a fee officer, see, s. 192.091(6), F.S., but is a budget officer.