Dear Ms. Echeverri:
You ask the following questions:
1. Does the prohibition against representation in section 194.015, Florida Statutes, apply to any type of representation of the property appraiser, the tax collector, or any taxing authority or does it apply only to representation in an administrative or judicial review of property taxes?
2. Does the prohibition apply only to current representation or does it include past representation in legal matters?
In sum:
1. Private counsel representing a value adjustment board may not represent in any manner the property appraiser, the tax collector, or any taxing authority, as well as any property owner in any administrative or judicial review of property taxes.
2. In light of the prospective nature of the statutory changes and the absence of any legislative indication that the prohibition in section 194.015, Florida Statutes, should be applied retroactively, it does not appear that past representation precludes a private attorney from presently representing a value adjustment board.
Section 194.015, Florida Statutes, creates a value adjustment board for each county. The value adjustment board is required to appoint private counsel, who has practiced law for over five years and who shall receive such compensation as may be established by the board. The statute further provides that "[t]he private counsel may not represent the property appraiser, the tax collector, any taxing authority, or any property owner in any administrative or judicial review of property taxes."
Your question involves an interpretation of whether the phrase "in any administrative or judicial review of property taxes" relates only to "any property owner," or whether it relates also to the property appraiser, the tax collector, and any taxing authority in determining the extent of representation which would preclude private counsel from representing the value adjustment board.
In determining the meaning of a statute, the primary consideration is to give effect to the intent of the Legislature.[1] The legislative history of the act states that it amends section 194.015, Florida Statutes, to "preclude county attorneys from serving as counsel to the board," and to require all boards to appoint private counsel to represent the board.[2]
Prior to its amendment in 2008, section 194.015, Florida Statutes, allowed the office of the county attorney to be counsel to the value adjustment board "unless the county attorney represents the property appraiser, in which instance the board shall appoint private counsel who has practiced law for over 5 years and who shall receive such compensation as may be established by the board."[3] There was no modifying language that precluded representation by a county attorney only if he or she represented the property appraiser in an administrative or judicial review of property taxes.
The placement of a comma preceding the disjunctive "or" would appear to preclude the qualifying phrase "in any administrative or judicial review of property taxes" from modifying the clause which precedes the comma.[4] To interpret the legislation otherwise would allow private counsel to represent the board and property appraiser under conditions that were historically prohibited when the board was represented by the county attorney. It is a general rule of statutory construction that ordinary rules of grammar and punctuation are to be used in determining construction of a statute. The Legislature is presumed to know the meaning of words and rules of grammar and, thus, the Legislature's intent may be ascertained by giving the generally accepted construction not only to the phraseology of an act, but also to the manner in which it is punctuated.[5]
Thus, applying the rule of construction that the qualifying language relates only to the clause appearing after the comma and giving effect to the legislative intent to preclude dual representation of the board and the property appraiser, I would conclude that section 194.015, Florida Statutes, precludes value adjustment board representation by a private attorney who represents the property appraiser, tax collector, or any taxing authority in matters relating to their official duties.
Had the Legislature placed the qualifying term "in any administrative or judicial review of property taxes" after "represent" or placed a comma after "any property owner," it would have been clear that the modifying term applied to all of the enumerated officials and entities. It may be advisable, therefore, to seek legislative clarification of this matter.
There is a presumption that a legislative act operates prospectively only, unless there is a clear showing of retrospective intent.[6] No language in the statute or in the legislative history of the act indicates an intent to apply the prohibition retrospectively. Any question as to whether past representation by a private attorney may present a conflict to representing the value adjustment board would need to be addressed to The Florida Bar.
Accordingly, it is my opinion that private counsel retained by a value adjustment board may not represent the property appraiser, tax collector, or any taxing authority in any matter. Any potential conflict with past representation should be addressed by The Florida Bar.
Sincerely,
Bill McCollum Attorney General
BM/tals
[1] See, e.g., City of St. Petersburg v. Siebold,48 So. 2d 291 (Fla. 1950).
[2] House of Representatives Staff Analysis, CS/HB 909, April 13, 2008.
[3] Section 194.015, Fla. Stat. (2007).
[4] See Op. Att'y Gen. Fla. 83-60 (1983) and Mallard v.Tele-Trip Company, 398 So. 2d 969 (Fla. 1st DCA 1981) (under doctrine of last antecedent, relative and qualifying words and phrases are to be applied to the word or phrase immediately preceding).
[5] See Florida State Racing Commission v. Bourquardez,42 So. 2d 87 (Fla. 1949) (Legislature is presumed to know meaning of words and rules of grammar; court is advised of Legislature's intention by giving the generally accepted construction not only to phraseology of act but to manner in which it is punctuated);S.R.G. Corporation v. Department of Revenue,365 So. 2d 687 (Fla. 1978); Ops. Att'y Gen. Fla. 77-142 (1977) (punctuation is a part of an act and may be considered in act's interpretation); 93-26 (1993) (Legislature is presumed to know meaning of words and the rules of grammar; thus, legislative intent is first to be determined by the language used, considered in its ordinary grammatical sense); 99-62 (1999).
[6] See, e.g., State ex. rel. Bayless v. Lee,23 So. 2d 575 (Fla. 1945); Trustees of Tufts College v.Triple R. Ranch, Inc., 275 So. 2d 521 (Fla. 1973); Seddon v.Harpster, 403 So. 2d 409 (Fla. 1981). And seegenerally 82 C.J.S. Statutes s. 414.